DINA TAUBENFELD, Plaintiff, *v.* HENRYK TAUBENFELD, Defendant.

Supreme Court, Trial Term, New York County, April 12, 1950.

*Rhea Josephson, Murray K. Josephson* and *Joseph S. Meadow* for plaintiff.

*Simon J. Hauser* and *Leopold A. Halperin* for defendant.

NATHAN, J. This is an action to recover sums claimed to be due and unpaid under a Polish matrimonial judgment.

Plaintiff and defendant were married in Belgium in 1928, and shortly thereafter took up residence in Poland, of which country defendant was then a national. In 1932 plaintiff obtained a judgment of a competent court in Warsaw, Poland, requiring defendant to pay her 250 zlotys per month for her support. There is no evidence that such judgment has since been modified or vacated.

Defendant came to the United States in 1938 and did not return thereafter to Poland. He made payments pursuant to the decree up to and including the month of April, 1939, but since then has made no payments of any kind to plaintiff.

Shortly after the invasion of Poland in 1939, plaintiff made her way to France, where she remained throughout the balance of the war, the German occupation and the subsequent liberation. In April, 1948, she came to this country, and in March, 1949, she commenced this action at law on the Polish judgment for the balance accrued and unpaid.

Defendant asserts as a complete defense that since the Polish judgment was not a final judgment for an absolute debt, no action on it may be maintained here. He contends, as partial defenses, that if any judgment is rendered in favor of plaintiff, it must be measured by the current rate of exchange for the zloty; and that the action is barred by a Polish five-year Statute of Limitations. Neither the marital status of the parties, which is currently in litigation elsewhere, nor their financial status, is germane to the issues raised by the pleadings or upon the trial.

It appears from the evidence that the judgment sued upon is not an intermediate order, but is a final judgment similar to our judgment of separation awarding permanent alimony. Under Polish law, the alimony provisions of such judgment may be modified or vacated upon the application of either party. It has not been established, however, that the Polish law requires or permits any such modification as to payments accrued and overdue at the time of the application. Consequently, the rule enunciated in *Bentley* v. *Calabrese* (155 Misc. 843) and *Rossi* v. *Rossi* (187 Misc. 543, affd. 269 App. Div. 821) is not applicable, and the complete defense falls.

Since any amount found to be due herein must be computed in zlotys and converted into dollars, an important issue is raised with respect to the time as to which such conversion takes place. In some instances, it is held that when a judgment is rendered in this country upon an obligation payable in a foreign nation in the currency of that nation, the rate of exchange adopted is that in effect at the time of institution of suit or rendition of judgment. (See *Deutsche Bank* v. *Humphrey*, 272 U. S. 517; Restatement, Conflict of Laws, § 424.) The rule generally adopted in New York, however, is to the contrary. In a suit brought here upon a cause of action where the plaintiff is entitled to recover a sum expressed in foreign money, in determining the amount of the judgment expressed in our currency, the rate of exchange prevailing at the date of the breach, or the accrual of the cause of action, is, under ordinary circumstances, to be applied (*Hoppe* v. *Russo-Asiatic Bank*, 235 N. Y. 37; *Parker* v. *Hoppe*, 257 N. Y. 333; *Kantor* v. *Aristo Hosiery Co.*, 222 App. Div. 502, affd. 248 N. Y. 630; *English Transcontinental* v. *Puebla Tramway, Light & Power Co.*, 186 Misc. 481). The decision of the Court of Appeals in *Dougherty* v. *Equitable Life Assur. Soc.* (266 N. Y. 71), relied upon by defendant, does not change the general rule in New York, nor does it establish any exception to it that is applicable to the facts here presented. Consequently, the amounts found herein to be due and unpaid in zlotys shall be converted into dollars at the rate of exchange prevailing at the time of the defaults in payments.

At the time of the first default on May 1, 1939, the rate of exchange was 5.30 zlotys per dollar. That rate was in effect at the time of the German invasion, and although quotation of the zloty in foreign exchange was suspended during the period of German occupation, the official rate was kept at 5.30 zlotys per dollar until quotation was resumed in April, 1946. From April

1, 1946, to the present time, the official exchange rate has been 102 zlotys per dollar.

Consequently, the unpaid monthly instalments of 250 zlotys each, due from May 1, 1939, to March 31, 1946, are converted at the rate of 5.30 zlotys per dollar, or $47.17 per month, for a total of $3,915.11; and those from April 1, 1946, through the month of March, 1949, are converted at the rate of 102 zlotys per dollar, or $2.44 per month, for a total of $87.84.

The aggregate amount thus found to be due to the plaintiff and converted into dollars is $4,002.95. Since there is no proof that the legal rate of interest in Poland is different from our own, simple interest at the rate of 6% per annum will be computed from the date of each monthly default.

The partial defense of the Polish Statute of Limitations is of no avail, since the statute was tolled during defendant's absence from that country.

Settle findings and judgment accordingly.