■ HOSPITAL SERVICE PLAN OF NEW JERSEY et al., Respondents, v WAREHOUSE PRODUCTION & SALES EMPLOYEES UNION et al., Defendants, and PRODUCTION WORKERS UNION LOCAL 148 WELFARE FUND et al., Appellants.— In an action to recover on a judgment of the Superior Court of New Jersey, which is in favor of plaintiffs and which was filed with the clerk of the Supreme Court, Queens County, pursuant to CPLR article 54, appellants, successors in interest to the defendants in the original action, appeal from an order of the Supreme Court, Queens County, dated February 5, 1980, which denied their motion to compel plaintiffs to execute a "satisfaction piece" on the basis of payment in full of the judgment, together with interest at the New York rate. Order affirmed, with $50 costs and disbursements to plaintiffs, and matter remitted to Special Term for entry of an appropriate amended order in accordance herewith. Appellants moved to compel execution of a satisfaction piece (CPLR 5020) following payment of the full amount of the judgment together with interest thereon at the 6% New York rate. In their supporting papers, they contended that satisfaction of the judgment did not require payment of either interest at the 8% New Jersey rate or the Sheriff's claim for poundage and fees arising out of the levy. Special Term's order denied the motion "in all respects". Although its written decision discussed only the question of the interest rate, it also stated that "The motion is denied by reason of [appellants'] failure to tender an amount sufficient to satisfy the judgment." Reading the decision together with the order denying the motion "in all respects", we deem the order to have denied both aspects of appellants' motion, although neither is specifically addressed in the order. (See *Halloran v Virginia Chems.,* 41 NY2d 386.) We agree with the denial of appellants' motion. A judgment rendered in a sister State which is filed in this State pursuant to CPLR article 54 is entitled, under the principles of full faith and credit, to enforcement together with the rate of interest applicable in the State in which it was originally rendered. Therefore, in the instant matter, in order to satisfy the judgment, appellants must pay interest on it at the 8% New Jersey rate rather than the 6% New York rate. We also agree that appellants should bear the costs arising out of the Sheriff's levy. Plaintiffs had been seeking for several years to recover on the judgment in question. When a proposed offer of settlement by appellants proved unsatisfactory, plaintiffs warned that they would seek enforcement through the Sheriff's office. Several days later, on a Friday afternoon, plaintiffs delivered the execution to the Sheriff. Later that same afternoon, appellants obtained an ex parte order which, *inter alia,* directed a stay of execution, and a copy of the same was served on plaintiffs after business hours on that same day. The order did not provide for service on the Sheriff, and in fact no copy was served on the Sheriff, who proceeded to levy the following Monday on certain bank accounts of appellants. In view of all the facts and circumstances, we believe that there was no obligation on plaintiffs to attempt to recall the execution, it being incumbent upon appellants to act to protect their own interests by serving the Sheriff. Accordingly, the expense of the levy must be borne by appellants (see CPLR 8012, subd [b]). Therefore, we remit the matter for entry of an appropriate order in accordance herewith. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur. [102 Misc 2d 872.]