OPINION OF THE COURT
Alan J. Saks, J.
As per this court’s decision of June 2, 1982 (117 Mise 2d 1054), defendant moved in Illinois to vacate the 1970 judgment sued on in this action. The Illinois court at first denied the motion to vacate but enjoined enforcement pending revival of said Illinois judgment, since Illinois law apparently is to the effect that a judgment more than seven years old may not be enforced until it is formally revived. This court is now in receipt of the order of the Honorable Richard Weiler, Judge of the Circuit Court for the 16th Circuit, Kane County, Illinois, dated March 23, 1983, reviving the 1970 judgment.
Plaintiff, then, is now entitled to summary judgment on the Illinois judgment of October 6, 1970, which was in the amount of $3,388. However, the court must first resolve an important issue not addressed by the parties — the amount of interest to be awarded in an action on a foreign judgment. Firstly, the court deems interest to have accrued continuously from rendition and not to have been tolled from October 6, 1977 to March 23, 1983, the period during which enforcement of the Illinois judgment was suspended. A stay of the remedy does not suspend the underlying obligation. The second question on the interest issue is: *151 whose rate applies, Illinois’ or New York’s? There is some authority for the proposition that full faith and credit requires not only that the New York judgment include interest at the sister State rate but that even after the New York judgment is entered the sister State rate continues to accrue on the New York judgment. So the Second Department held in 1980 in Hospital Serv. Plan of N. J. v Warehouse Prod. & Sales Employees Union (76 AD2d 882; cf. Taubenfeld v Taubenfeld, 198 Misc 108, in which the court implied that the Polish rate should apply to interest accruing between entry of the Polish judgment and entry of the New York judgment but then proceeded to assume that the Polish rate had been the same as New York’s then 6% in the absence of proof to the contrary).
If this court were to accept the thesis articulated in Hospital Serv. (supra) it would ask the parties herein to inform the court of the applicable Illinois rates. (In theory, this court is supposed to take mandatory judicial notice of Illinois public statutes. CPLR 4511, subd [a]. In practice, however, it is not easy to do so without guidance from counsel, because the Bronx County Supreme Court library does not contain such statutes.) Moreover, after judgment had been entered in New York, the plaintiff would have to convince a Sheriff or marshal not to issue a satisfaction until the judgment was paid at the Illinois rate of interest, if the Illinois rate proved to be higher. If the Sheriff or marshal did not agree, the plaintiff would probably have to bring a proceeding, such as mandamus, to compel him to collect at the Illinois rates. If the Sheriff or marshal did so agree, the defendant judgment creditor would probably, as was done in Hospital Serv. bring a proceeding to declare the New York judgment satisfied upon payment of the New York rate of interest. This propensity of the Second Department’s doctrine to engender further litigation suggests that it is erroneous. A more compelling reason for so concluding, however, is a long line of New York authorities, which it does not mention in its decision. (Neither does Taubenfeld v Taubenfeld, supra.) Those authorities crystallized in a case directly in point, Wells Fargo & Co. v Davis (105 NY 670), wherein it was held squarely that the New York rates applied to the period between the rendi *152 tion of the two judgments, even when the foreign judgment stated in its very terms that it shall bear interest at a rate that was higher than the New York rates. A reading Of the decision indicates that the court was applying an already well-established principle. (Accord Gustavus v Dahlmer, 98 Misc 462; von Engelbrechten v Galvanoni & Nevy Bros., 59 Misc 2d 721 [Stecher, J.], affd 61 Misc 2d 959 [App Term, 1st Dept], app dsmd 27 NY2d 816.) Furthermore, the commentators have read Wells Fargo as stating the rule in this State. (See Ann., 78 ALR 1047, 1063; 32 NY Jur, Interest and Usury, §§ 3, 21.)
Accordingly, upon entry of judgment plaintiff shall be allowed interest at the rate of 6% per annum from October 6, 1970 to June 24, 1981 and 9% from June 25, 1981 (the date the higher rate became effective under CPLR 5004) to date of entry.
In view of the fact that plaintiff waited 11 years to bring this action in New York and this court’s doubt that defendant had a meaningful opportunity to oppose entry of judgment in Illinois in 1970, this court determines that it would be inequitable to award plaintiff full costs. In its discretion, it hereby allows plaintiff disbursements only. While full faith and credit compels the court to recognize the validity of the Illinois judgment (for the reasons set forth in its June 2, 1982 decision), it does not compel the allowance of costs.
Plaintiff may submit judgment to the clerk, in accordance with this supplemental decision and order. Settlement before the court waived.