CHELSEA MARINA, INC., et al., Appellants-Respondents, v
FRED SCORALICK, as Sheriff of Dutchess County, et al.,
Respondents-Appellants.

Second Department, June 13, 1983

APPEARANCES OF COUNSEL

*May Glazer* (*Wilma P. Gottleib* of counsel), for appellants-respondents.

*Rider, Drake, Sommers & Loeb, P. C.* (*Bernard J. Sommers* of counsel; *Honey W. Bernstein* on the brief), for Steven A. Greenwold, respondent-appellant.

*Spitz, Spitz & Fedorchak* (*Andrew L. Spitz* of counsel), for Fred Scoralick and another, respondents-appellants.

OPINION OF THE COURT

NIEHOFF, J.

This action arises out of an alleged wrongful eviction of plaintiffs by defendants Fred Scoralick, Dutchess County Sheriff, his deputy, William A. McCord, and Steven A. Greenwold, Esq.

The complaint consists of one cause of action whereby the plaintiffs seek to recover damages in the amount of $236,850. The complaint alleges that after the plaintiffs were ejected from possession of certain real property, they obtained from the Supreme Court, Dutchess County (DACHENHAUSEN, J.), an order to show cause containing a provision restraining defendants "from such acts of eviction" and that although the order was served upon them, the defendants by force and threats of imprisonment kept the plaintiffs from re-entering and using the premises. It is claimed that plaintiffs are entitled to compensatory damages and, pursuant to RPAPL 853, treble damages as well.

Issue was joined and the plaintiffs served verified bills of particulars in response to the demands of the respective defendants.

Thereafter, the plaintiffs moved for summary judgment in their favor and for an immediate trial on the issue of damages pursuant to CPLR 3212 (subd [c]). While no formal cross motions were made, defendant Greenwold requested that he be granted summary judgment in his favor and defendants Scoralick and McCord vigorously opposed the motion. Special Term denied the plaintiffs' motion for summary judgment and the plaintiffs have appealed from that denial. In addition, defendant Greenwold has cross-appealed from the denial of "said defendant's request for summary judgment" and defendants Scoralick and McCord have cross-appealed from the order "wherein the Court did not grant summary judgment in favor of these defendants pursuant to CPLR 3212".

In our judgment, Special Term correctly denied plaintiffs' motion. However, a motion for summary judgment searches the record (see CPLR 3212, subd [b]; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.08) and, after due consideration thereof, we are satisfied that defendants are entitled to summary judgment dismissing the complaint.

The controlling facts are not in dispute.

Plaintiff Wallace F. Terwilliger is the president of plaintiff Chelsea Marina, Inc., a New York corporation. The plaintiffs were tenants in possession of certain commercial and residential real property located in the Hamlet of

Chelsea, Dutchess County, New York, contiguous to the Hudson River. Prior to November, 1979, the premises were owned by Terwilliger's estranged wife, Thelma Terwilliger, and the plaintiffs were tenants thereof. In November, 1979, Thelma Terwilliger sold the premises to Thomas A. Marchetti, and in February, 1980, Marchetti commenced a summary holdover proceeding against Wallace Terwilliger and the corporation in the Dutchess County Court. Marchetti was represented in the holdover proceeding by defendant Steven A. Greenwold, Esq.

On July 18, 1980, a judgment and warrant of eviction were issued by the Dutchess County Court in favor of Marchetti and against the plaintiffs. Thereupon, defendant Greenwold directed the other defendants, Dutchess County Sheriff Fred Scoralick and Deputy Sheriff William A. McCord, to execute the warrant of eviction.

Thereafter, on July 21, 1980, plaintiffs served and filed a notice of appeal to the Appellate Term of the Supreme Court, Ninth Judicial District, from the judgment of eviction. Through a series of court-ordered temporary stays, Marchetti, Greenwold, and the Sheriff and his agents were enjoined from executing the warrant of eviction.

On December 9, 1980, plaintiffs obtained a statutory stay of enforcement of the warrant pursuant to CPLR 5519 (subd [a], par 6) pending their appeal from the judgment. The order authorizing the stay directed that an undertaking in the amount of $12,500 be given by the plaintiffs, which sum was deposited with the Dutchess County Commissioner of Finance.

On April 9, 1981, the Appellate Term affirmed the judgment of eviction. By notice of motion dated April 16, 1981, the plaintiffs moved, on notice, in the Appellate Term for an order granting reargument, or, in the alternative, permission to appeal to the Appellate Division. That motion served to give them a further automatic stay (CPLR 5519, subd [e]). In the meantime, on the afternoon of April 15, 1981 the Sheriff's office had received a copy of the Appellate Term order and a request from defendant Greenwold "that the eviction be carried out with dispatch". Upon receiving that request, defendant McCord consulted

with the Chief Assistant County Attorney of Dutchess County, who correctly advised said defendant that due to the provisions of CPLR 5519 (subd [e]), the eviction could not take place until five days had elapsed from entry of the order affirming the eviction. On the following day, April 16, 1981, McCord informed Greenwold of that requirement.

Neither the plaintiffs nor defendant Greenwold notified the Sheriff of the plaintiffs' motion for reargument and/or leave to appeal, which motion resulted in an additional automatic stay. Inasmuch as the Sheriff did not know of such motion and additional stay, he carried out the eviction proceedings and on April 22, 1981 Mr. Marchetti was put in possession of the property.

On April 24, 1981, after the eviction had been completed and plaintiff Terwilliger, who had been away, returned and learned of the eviction, the plaintiffs obtained an order to show cause from the Supreme Court, Dutchess County, pursuant to which they sought an order directing that their stay be continued pending determination of the motion for reargument. The order to show cause was served on the Sheriff's office at about 4:30 P.M. on that same day and contained a temporary restraining order to the following effect: "pending the hearing and determination of this motion, all proceedings on the part of the petitioner [Marchetti], his attorneys and agents and the Sheriff of Dutchess County be and they hereby are stayed of and from all action for the enforcement of the judgment of eviction appealed from".

After the order to show cause was served, Terwilliger returned to the subject premises and telephoned defendant McCord to advise him of the fact that he had returned to the premises. Terwilliger claims that McCord threatened to physically remove him from the premises and stated that unless Terwilliger left the premises willingly he would be arrested for criminal trespass.

In early July, 1981, this action to recover damages for wrongful eviction and forcible detainer in violation of RPAPL 853 was instituted. As indicated above, we are of the view that all of the defendants are entitled to a grant of summary judgment dismissing the plaintiffs' complaint.

As of the date of the subject eviction, RPAPL 853 read: "Action for forcible entry or detainer; treble damages. If a person is disseized, ejected, or put out of real property in a forcible manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence, he is entitled to recover treble damages in an action therefor against the wrong-doer."

For the plaintiffs to have a valid cause of action under the above-worded section, they need to show that they were put out, or kept out, of the premises by force or by threat of personal violence "under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession" (see *Drinkhouse v Parka Corp.*, 3 NY2d 82, 91; see, also, *Chapman v Johnson*, 39 AD2d 629; *Statement, Inc. v Pilgrim's Landing*, 49 AD2d 28).

With respect to the eviction which was effectuated by the defendant Sheriff on April 22, 1981, we note the following undisputed facts. First, the landlord (Marchetti) procured a valid judgment and warrant of eviction from the Dutchess County Court, which judgment was ultimately upheld on appeal. Second, the Sheriff's office was duly served with a copy of the Appellate Term order affirming that judgment but was not served with the plaintiffs' reargument motion or the Supreme Court stay until after the eviction was completed. Third, upon receipt of the Appellate Term order the Sheriff's office waited the required five days before executing the warrant of eviction. Fourth, plaintiff Terwilliger, by his own admission, was away at all times while the Sheriff's office executed the warrant of eviction and only discovered that the eviction had occurred upon his return. Clearly, the Sheriff's office in no way violated RPAPL 853 in making the initial entry onto the subject property and its actions with respect to the April 22, 1981 eviction were not unlawful, and did not constitute an act of violence or an abuse of authority.

Apparently recognizing the propriety of the initial eviction, the plaintiffs contend that the detainer incident of April 24, 1981 constituted separate grounds for recovery under the statute. We disagree.

The gist of this claim is found in paragraph 10 of the complaint, wherein it is stated: "Notwithstanding the order of the Supreme Court, defendant DEPUTY SHERIFF, by force and threats of imprisonment for criminal trespass, kept plaintiffs from the premises and buildings and other chattels and the use and occupancy thereof, and deprived plaintiffs of their residence and business."

The uncontroverted evidence in the record before us is to the effect that when plaintiff Terwilliger returned to the subject premises on April 24, 1981, he observed conditions which revealed that the eviction had been fully accomplished, including padlocks on the doors and trespassing notices on the premises. Indeed, Mr. Terwilliger's initial telephone call to the Dutchess County Sheriff's office confirmed that an eviction had taken place in his absence. Nevertheless, the papers submitted on behalf of the plaintiffs' application for a temporary restraining order did not request a direction that the plaintiffs be restored to possession of the premises. On the contrary, the supporting papers intimated to Special Term that the eviction proceedings were still in process.

What is more, the terms of the temporary restraining order were limited to a stay of any further enforcement of the judgment of eviction pending resolution of the appeal and the order did not require the Sheriff's office to place the plaintiffs back into possession. Stated otherwise, by the time the plaintiffs had obtained the order to show cause, the petitioner Marchetti had already been put into possession and at the time Terwilliger telephoned the deputy sheriff to tell him that he (Terwilliger) had returned to the premises, no court had ruled that the eviction had to be undone. In short, the eviction was not a wrongful act on the part of the Sheriff and it was not unlawful or violative of the statute for the deputy sheriff to have warned plaintiffs against using self-help to re-enter the premises. Accordingly, plaintiffs' efforts to attribute any wrongdoing to defendants Scoralick and McCord based upon their alleged disobedience of the order to show cause or upon threats directed against plaintiff Terwilliger should he re-enter the premises after having been evicted are unavailing (see *Pisano v County of Nassau,* 41 Misc 2d 844, affd 21 AD2d

754). That being so, the plaintiffs' claim that said defendants acted in violation of RPAPL 853 is groundless and the action against defendants Scoralick and McCord should be dismissed.

We reach a like conclusion concerning defendant Greenwold. Mr. Greenwold served as the attorney for the landlord, Mr. Marchetti. The plaintiffs are nonclient third parties with respect to him. Therefore, under ordinary circumstances, for Greenwold to be held liable he must be found guilty of fraud or collusion, or of a malicious or tortious act (see *Singer v Whitman & Ransom,* 83 AD2d 862; *Cronin v Scott,* 78 AD2d 745; *Gifford v Harley,* 62 AD2d 5). In addition, before any recovery can be had in this action defendant Greenwold's acts must be found to be forcible within the meaning of RPAPL 853. The record reveals that his acts were none of the above.

Defendant Greenwold's actions and involvement can be summarized as follows: On April 15, 1981 he served the plaintiffs and the Sheriff with the Appellate Term order affirming the judgment of eviction. On the same date he requested the Sheriff to execute the warrant of eviction. On the following day, April 16, 1981, the plaintiffs moved in the Appellate Term for an order granting reargument or permission to appeal to this court. No service of the motion was made upon the Sheriff. The plaintiffs seek to excuse their failure to serve the Sheriff with a copy of their motion by pointing to the fact that defendant Greenwold did not inform them that he had served a copy of the Appellate Term order of affirmance on the Sheriff's office.

However that may be, it was the plaintiffs' obligation to notify the Sheriff of the automatic stay provisions of CPLR 5519 (subd [e]), and to serve the Sheriff with the notice of motion. Defendant Greenwold bore no obligation to recall the execution or serve the Sheriff with notice of the stay and cannot be faulted for not having borne the plaintiffs' burden for them (see *Hospital Serv. Plan of N. J. v Warehouse Prod. & Sales Employees Union,* 76 AD2d 882). Inasmuch as the record before us shows that said defendant's conduct on behalf of his client cannot fairly be considered as fraudulent, malicious or tortious, the complaint against him must be dismissed.

For the foregoing reasons, the order appealed from should be modified by adding thereto a provision granting summary judgment to the defendants and dismissing complaint. The order is otherwise affirmed.

O'CONNOR, J. P., BROWN and RUBIN, JJ., concur.

Order of the Supreme Court, dated March 9, 1982 and entered in Dutchess County, modified, on the law, by adding thereto a provision granting summary judgment to the defendants and dismissing the complaint. As so modified, order affirmed, with one bill of costs payable jointly to defendants appearing separately and filing separate briefs.