518 So.2d 1183 (1988)
RONDETTE, LTD.
v.
John PETERSON.
No. CA 7626.
Court of Appeal of Louisiana, Fourth Circuit.
January 20, 1988.
Rehearing Denied February 11, 1988.
*1184 Glyn J. Godwin, New Orleans, for appellant.
Rhodes J. Spedale, Jr., New Orleans, for appellee.
Before CIACCIO and LOBRANO, JJ., and HERBERT A. CADE, J. Pro Tem.
CIACCIO, Judge.
Both parties appeal from a summary judgment granted in favor of the plaintiff on its petition to have a foreign judgment recognized and made the judgment of the Louisiana court. See La.C.C.P. Art. 2541. Defendant complains that summary judgment should not have been granted, plaintiff complains that the judgment fails to give full effect to the foreign judgment. We amend the judgment to give full effect to the foreign judgment, and affirm the judgment as amended.
On March 25, 1975, plaintiff obtained a default judgment against defendant in the Supreme Court of the State of New York, for the County of New York. Defendant moved the New York court to vacate the judgment on the ground of lack of personal jurisdiction. On February 22, 1977, the court heard defendant's motion and ordered the motion denied, the stay vacated, and the March 25, 1975, judgment reinstated.
According to the March 25, 1975, judgment defendant wrongfully converted property belonging to plaintiff. The judgment awarded plaintiff the value of the property ($40,000.00), plus interest ($3,333.33), plus costs ($387.50), for a total award to plaintiff of $43,720.83. Under New York law every money judgment bears interest from the date of its entry. New York Civil Practice Law and Rules Sec. 5003. The rate of interest was 6% per annum until June 25, 1981, and 9% per annum there-after. N.Y.C.P.L.R. Sec. 5004 (as amended L.1972, c. 358, Sec. 1; L.1981, c. 258, Sec. 1.).
Seeking to have the New York judgment recognized and made the judgment of the Louisiana court, plaintiff originally filed a petition praying for judgment of $43,720.83 plus interest (at the Louisiana rate) from date of judicial demand. Plaintiff later amended its petition and prayed for judgment to include interest earned under New York law from the date of entry of the New York judgment until the date of judicial demand in Louisiana. Plaintiff calculated the total amount of its demand to be $88,853.56 plus interest from the date of judicial demand in Louisiana.
Defendant answered the original and amended petition by alleging that the plaintiff's property had been stolen in a burglary of his home and that the value of the property was grossly overstated by plaintiff. Defendant also alleged that the New York court lacked in personam jurisdiction. Finally, defendant reconvened alleging plaintiff's tortious conduct in prosecuting this action, causing defendant mental upset, pain and suffering, and loss of profit.
Plaintiff filed a motion for summary judgment on its petition. After a hearing the trial court granted judgment awarding plaintiff $43,720.83 plus costs and interest from date of judicial demand. Neither the motion nor the judgment addresses defendant's reconventional demand.
Under Article 4, Section 1 of the United States Constitution Louisiana courts must give full faith and credit to the valid judgment of another state.
Louisiana courts have recognized that extrinsic fraud (such fraud as would prevent prosecution of an effective defense or would prevent an adversary trial of the issues) may be asserted as a bar to recognition of the foreign judgment, while intrinsic fraud (such fraud as would simply amount to an affirmative defense to the original cause of action) would not serve as a defense to the recognition of a foreign judgment. Lee v. *1185 Carroll, 146 So.2d 242 (La.App. 3 Cir. 1962).
West v. Lawrence, 297 So.2d 443, 445 (La. App. 3d Cir.1974), writ denied, 300 So.2d 840 (La.1974).
The New York court heard defendant's argument that it lacked personal jurisdiction over him and decided the issue against him. The Court found that he had received proper, personal service and had retained counsel to represent him. Defendant's claims that plaintiff's property was stolen from him in a burglary of his home and that in any event plaintiff has grossly overvalued the property amount to defenses to the original action for conversion and not allegations of extrinsic fraud. Defendant does not allege that plaintiff fraudulently prevented prosecution of an effective defense or fraudulently prevented an adversary trial of the issues.
Defendant has raised no defenses to plaintiff's action under La.C.C.P. Art. 2541. There being no genuine issue of material fact and plaintiff being entitled to judgment as a matter of law, the district court properly granted summary judgment. La. C.C.P. Art. 966.
The district court judgment, however, should have given full credit to the New York judgment. The New York court entered judgment on March 25, 1975, which judgment, under New York law, began accruing interest from the date of entry. N.Y.C.P.L.R. Section 5003; La.C.C.P. Art. 1391. That rate of interest was 6% per annum until June 25, 1981, and 9% per annum thereafter. N.Y.C.P.L.R. Sec. 5004 (as amended L.1972, c. 358, Sec. 1; L.1981, c. 258, Sec. 1.); La.C.C.P. Art. 1391. Thus, to give full effect to the New York judgment we must recognize that under New York law that judgment has accrued interest from the date of its entry, March 25, 1975. Plaintiff petitioned for recognition of interest accrued under New York law until the date of judicial demand in Louisiana, and prayed for interest from the date of judicial demand until paid at the rate set by Louisiana law. Interest has accrued by operation of law, and plaintiff is entitled to it. We will amend the district court judgment to give full credit to the New York judgment by including the interest accrued by operation of law from the date of entry until the date of judicial demand in Louisiana.
Accordingly, we amend the district court judgment to provide for judgment in favor of plaintiff, Rondette, Ltd., and against the defendant, John Peterson, in the full sum of $43,720.83, plus interest thereon from March 25, 1975, until June 24, 1981, at the rate of 6% per annum, and from June 25, 1981, until January 14, 1985, (the date of judicial demand in Louisiana) at the rate of 9% per annum, together with the costs of this proceeding in the district and circuit courts and judicial interest from the date of judicial demand in Louisiana, January 14, 1985. We affirm the judgment as amended.
AMENDED and AFFIRMED.