561 A.2d 1274

**PEOPLES BOND AND MORTGAGE COMPANY, a Pennsylvania Corporation, Appellant,**

v.

**Morton CHATKIN, Appellee (Two Cases).**

Superior Court of Pennsylvania.

Argued June 6, 1989.

Decided Aug. 7, 1989.

Reargument Denied Sept. 20, 1989.

640

Edward C. Leckey, Pittsburgh, for appellant.

John M. Silvestri, Pittsburgh, for appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This appeal is from an Order entered in a proceeding commenced by a Petition to Compel Satisfaction of a Judgment and Assess Statutory Penalties for failure to satisfy the Judgment. Appellant, who is the original judgment

creditor, contends that the trial court was incorrect in deciding that Pennsylvania should apply its own interest rate in determining whether a Pennsylvania judgment has been satisfied by a payment made in a foreign state. We affirm the trial court's decision.

On May 14, 1974, the Appellant, Peoples Bond & Mortgage Company, entered a judgment in its favor and against the Appellee, Morton Chatkin, in the amount of $39,520.00. This judgment was revived twice, the second time on December 17, 1985, in the amount of $65,236.57 plus costs and interest. Post judgment interest in Pennsylvania is calculated at the rate of six percent (6%).

In the meantime, the Pennsylvania judgment was transferred to Arizona. On January 30, 1984, the Appellant issued a writ of execution against real estate owned by the Appellee in Arizona in the amount of $37,280.00 plus interest at ten percent (10%) from December 14, 1979 and costs incurred in Arizona. A Sheriff's sale was held on March 10, 1986 at which the Appellant paid $91,000.00 for the Appellee's property. Appellee subsequently redeemed his property by paying the sheriff the bid price, a redemption fee, and interest on those sums from the date of sale.

Appellee petitioned the Court of Common Pleas of Allegheny County for a Rule to Show Cause as to why the Pennsylvania judgment should not be satisfied, why Appellee was not entitled to liquidated damages, and why any sums received by Appellant in excess of the sums necessary to satisfy the Pennsylvania judgment should not be returned to Appellee. On May 24, 1988, the court entered the following order:

AND NOW, to-wit, this 24 day of May, 1988, it is hereby ORDERED that in respect to the rule issued October 22, 1986 (a) the interest rate issue is adjudicated in favor of defendant and against plaintiff and (b) all other issues are adjudicated in favor of plaintiff; it is further ORDERED that within 20 days of the date of this order plaintiff's counsel and defendant's counsel shall submit to the Court owing calculations as to the dollar amounts claimed to be

due and owing. This Court does not adjudicate the statute of limitations issue in the pleadings.

On October 10, 1988, the court ordered that a $2,054.39 balance remained as due and owing as of the date of the Arizona execution redemption on March 10, 1986. An appeal was then filed by Peoples Bond & Mortgage Company, the judgment creditor.

The issue presented in this appeal is what interest rate Pennsylvania should require to be paid in order to satisfy a Pennsylvania judgment. We are not presented with the issue of whether Arizona may elect to require the payment of a ten percent (10%) rate of interest on a Pennsylvania judgment which has been transferred to Arizona.

■ The Appellant has argued first that Arizona, pursuant to the Uniform Enforcement of Foreign Judgments Act, may choose to impose a ten percent (10%) interest rate on a Pennsylvania judgment which has been transferred to Arizona and second, that the Appellee may not collaterally attack this determination. We agree that the Appellee is bound from collaterally attacking a determination of an Arizona court. We do not believe, however, that the Appellee has sought to collaterally attack an Arizona judgment.

If Arizona has adjudicated this case in any way, its adjudication has been limited to an analysis of the appropriate interest rate for Arizona to require for the satisfaction of the Pennsylvania judgment. The Appellee, on the other hand, has petitioned the courts of Pennsylvania to determine why his Pennsylvania judgment debt should not be satisfied. This determination involves the issue of the rate of interest to be applied by Pennsylvania, not the rate to be applied by Arizona.

■ Appellant has presented several cases in support of his contention that Arizona was justified in applying a ten percent (10%) rate of interest to the Pennsylvania judgment. *Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo.1976), *Joplin Corp. v. State ex rel. Grimes*, 570 P.2d 1161 (Okla.1977), *Cahn v. Cahn*, 119 Misc.2d 150, 462 N.Y.S.2d 535 (1983).

Each of these cases, however, involves the application of an interest rate to a foreign judgment by the transfer forum. These cases do not reflect the issue in the immediate case. In this case, the original forum state must apply its own rate of interest to one of its own judgments. The fact that the judgment has been transferred to a foreign state and that a payment has been made in that foreign state is of no consequence with regard to Pennsylvania's obligation to follow its own rules of law concerning judgment satisfaction.

It is clear that the "Arizona Judgment" was an exemplification of a Pennsylvania Judgment issued solely for the purpose of attaching property outside Pennsylvania. Since the obligation was determined in Pennsylvania, we hold that Pennsylvania must apply its own rate of interest to satisfy the judgment in Pennsylvania. To hold otherwise would allow judgment creditors to forum shop for higher interest rates. Therefore, the trial court was correct in applying the Pennsylvania interest rate to satisfy a Pennsylvania judgment.

Affirmed.