AMERICAN FAMILY MUTUAL IN-
SURANCE COMPANY, Appel-
lant/Garnishee–Defendant,

v.

Eugene H. GINTHER and Mary Gin-
ther, and James O. Clay and Imo-
gene Clay, Appellees/Plaintiffs,

Robert B. Beckner, Appellee/Defendant.

No. 71A03–0508–CV–367.

Court of Appeals of Indiana.

March 13, 2006.

**576**

J. Thomas Vetne, Jones Obenchain, LLP, South Bend, for Appellant.

Gregory J. Haines, Rowe & Rowe, South Bend, for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

American Family Mutual Insurance Company appeals the trial court's order that it is liable for post-judgment interest in the amount of $38,000.00 to Eugene H. Ginther, Mary Ginther, James O. Clay, and Imogene Clay (collectively "Plaintiffs") on a $100,000.00 judgment Plaintiffs obtained against American Family's insured, Robert Beckner. Because the insurance policy at issue requires American Family to pay compensatory damages for which its insured is legally liable and because post-judgment interest is part and parcel of a money judgment, we affirm the trial court's order that American Family is liable for post-judgment interest in the amount of $38,000.00.

### Facts and Procedural History

On June 28, 1997, Robert Beckner was involved in an automobile accident with Plaintiffs in South Bend, Indiana. At the time of the accident, Beckner was driving a pickup truck that he had purchased earlier that day from an acquaintance. Beckner maintained a Family Car Policy ("the policy") issued by American Family that was in effect at the time of the accident. The policy provides, "We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer."[1] Appellant's App. p. 95.

---

1. The policy contains several words in bold; this means that the bolded words are defined in the policy. For purposes of this opinion,

Pursuant to the Coverages and Limits Provided section of the policy, the Bodily Injury Liability was $100,000.00 each person and $300,000.00 each occurrence.

Beckner requested liability coverage from American Family, but it denied coverage. Thereafter, Beckner filed a Complaint for Declaratory Judgment against American Family seeking a determination that the policy indeed provided coverage for the accident. However, Beckner later stipulated to the dismissal of the complaint, and the trial court dismissed the complaint with prejudice.

In 1999, Plaintiffs filed a Complaint against Beckner for personal injuries and damages sustained in the automobile accident. American Family did not defend Beckner in this lawsuit. On January 31, 2000, Plaintiffs obtained a default judgment against Beckner in the amount of $100,000.00.[2] On May 17, 2000, Plaintiffs filed a Verified Motion in Proceedings Supplemental against Beckner, naming American Family as Garnishee–Defendant. American Family later filed a motion to dismiss the proceedings supplemental on grounds that the coverage issue had previously been litigated in the declaratory judgment action, and therefore Plaintiffs were barred by the principles of res judicata and collateral estoppel from re-litigating it. Following a hearing, the trial court denied American Family's motion to dismiss. The trial court certified its order for interlocutory appeal, but this Court declined to undertake interlocutory review of it.

In 2001, American Family filed a motion for summary judgment in the proceedings supplemental arguing that the pickup truck was not an insured vehicle. In addition, American Family argued that Plaintiffs should be judicially estopped from asserting coverage because they had previously taken the position that Beckner was an uninsured motorist. Thereafter, Plaintiffs filed a cross motion for summary judgment. Following a hearing, in 2003 the trial court denied American Family's motion for summary judgment and granted Plaintiffs' motion for summary judgment. Specifically, the trial court found that Plaintiffs' claim was not barred by the doctrine of collateral estoppel and that the pickup truck was an insured vehicle. American Family appealed, and we affirmed the trial court. *Am. Family Mut. Ins. Co. v. Ginther*, 803 N.E.2d 224 (Ind. Ct.App.2004), *reh'g denied, trans. denied.*

On September 13, 2004, American Family tendered $100,000.00 to the trial court. The CCS entry for this date acknowledges that the $100,000.00 was "in partial satisfaction of Judgment." Appellant's App. p. 4. American Family then asked the trial court for an order discharging it of its contractual obligations to Beckner. Plaintiffs responded by asking the trial court for an order directing American Family to pay post-judgment interest on the $100,000.00 beginning on the date the default judgment was entered, January 31, 2000. American Family denied liability for post-judgment interest, citing the following policy provision:

### ADDITIONAL PAYMENTS

We will pay, in addition to our limit of liability:

\*   \*   \*   \*   \*   \*

2. Interest on damages awarded in any suit we defend. This interest must accrue after judgment is entered and before we have paid, offered to pay, or

---

we have chosen not to bold these words in the various provisions of the policy we quote.

2. Specifically, $60,000.00 was awarded to the Ginthers, and $40,000.00 was awarded to the Clays.

deposited in court that portion of the judgment which is not more than our limit of liability.

Appellant's App. p. 96 (formatting omitted). Thereafter, the trial court issued the following order:

That the Plaintiffs are entitled to post-judgment interest in the amount of $38,000.00 and that the Garnishee–Defendant, American Family Insurance Company, is liable for satisfaction of said post-judgment interest.

*Id.* at 6. American Family now appeals.

### Discussion and Decision

■ We first note that this case comes to us via proceedings supplemental. "Proceedings supplemental are a continuation of the original cause of action and are not a new and independent civil action." *Grubnich v. Renner*, 746 N.E.2d 111, 117 (Ind.Ct.App.2001) (quotation omitted), *trans. denied.* That is, proceedings supplemental are merely a continuation of the underlying claim on the merits. *Id.* Here, the original cause of action was Plaintiffs' complaint against Beckner for personal injuries stemming from the automobile accident, and this is merely a continuation of that claim. We now set forth the parties' arguments on appeal.

■ American Family contends that the trial court erred in ordering it to pay post-judgment interest to Plaintiffs. Specifically, American Family argues that, pursuant to the Additional Payments section of the policy, it is only liable for post-judgment interest in suits that it defends, and because it did not defend Beckner in the suit in which Plaintiffs obtained a default judgment against him, it is not liable for post-judgment interest. Plaintiffs, on the other hand, argue that Beckner is legally liable for post-judgment interest, and pursuant to the plain language of the policy, American Family must pay compensatory dam-

ages for which Beckner is legally liable, which includes post-judgment interest. Plaintiffs also assert that the policy provision regarding interest on damages in suits American Family defends is not applicable here because the policy limits were not exceeded.

■ This case requires us to interpret the policy. Insurance contracts are subject to the same rules of construction as other contracts: we interpret an insurance policy with the goal of ascertaining and enforcing the parties' intent as revealed by the insurance contract. *Westfield Cos. v. Knapp*, 804 N.E.2d 1270, 1274 (Ind.Ct. App.2004), *reh'g denied, trans. denied.* In accomplishing this goal, we must construe the insurance policy as a whole. *Id.* If the contract language is clear and unambiguous, then it should be given its plain and ordinary meaning. *Id.* Where a policy's language is ambiguous, however, we must strictly construe it against the insurer. *Barclay v. State Auto Ins. Cos.*, 816 N.E.2d 973, 979 n. 3 (Ind.Ct.App.2004), *reh'g denied, trans. denied.* If reasonably intelligent persons may honestly differ as to the meaning of the policy language, then the policy is ambiguous. *Westfield*, 804 N.E.2d at 1274. The interpretation of an insurance policy is a question of law. *Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 198 (Ind.Ct.App.2005), *trans. denied.* We review questions of law de novo. *See Madden v. Ind. Dep't of Transp.*, 832 N.E.2d 1122, 1126 (Ind.Ct. App.2005).

Beckner's policy with American Family provides in pertinent part:

PART I—LIABILITY COVERAGE

You have this coverage if Bodily Injury and Property Damage Liability coverage is shown in the declarations.

*We will pay compensatory damages an insured person is legally liable for be-*

*cause of bodily injury and property damage due to the use of a car or utility trailer.*

We will defend any suit or settle any claim for damages payable under this policy as we think proper.

HOWEVER, WE WILL NOT DEFEND ANY SUIT AFTER OUR LIMIT OF LIABILITY HAS BEEN PAID.

\*    \*    \*    \*    \*    \*

ADDITIONAL PAYMENTS

We will pay, in addition to our limit of liability:

\*    \*    \*    \*    \*    \*

2. Interest on damages awarded in any suit we defend. This interest must accrue after judgment is entered and before we have paid, offered to pay, or deposited in court that portion of the judgment which is not more than our limit of liability.

Appellant's App. p. 95–96 (emphasis added) (formatting omitted).

██  The policy clearly and unambiguously provides that American Family will pay compensatory damages that Beckner is legally liable for because of bodily injury due to the use of a car. In order to decide what American Family must pay, we must first determine the compensatory damages Beckner is legally liable for. The obligation to pay post-judgment interest "is part and parcel of the obligation to pay a money judgment" and is governed by statute. *Poehlman v. Feferman,* 717 N.E.2d 578, 583 (Ind.1999), *reh'g denied.* Specifically, Indiana Code § 24–4.6–1–101 provides:

Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:

(1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or

(2) an annual rate of eight percent (8%) if there was no contract by the parties.

The purpose of post-judgment interest is to compensate fully the injured party by providing interest for the deprivation of the use of money. *Grubnich,* 746 N.E.2d at 118. That is, "those finding themselves on the wrong side of the law after trial must decide whether to limit their liability and pay up or risk incurring further liability in the form of accruing interest if not successful on appeal." *Poehlman,* 717 N.E.2d at 583.

██  Here, the trial court entered a default judgment against Beckner on January 31, 2000, in the amount of $100,000.00. Pursuant to Indiana Code § 24–4.6–1–101, Beckner is responsible for post-judgment interest at the annual rate of 8% stemming back to January 31, 2000, because it is part and parcel of the $100,000.00 default judgment against him.[3] Because post-judgment interest is part and parcel of a money judgment, American Family must pay for post-judgment interest as it is a component of the $100,000.00 compensatory damages award.[4]

---

3. We point out that American Family does not contend that Plaintiffs are not entitled to post-judgment interest; rather, it asserts that Beckner alone is responsible for post-judgment interest.

4. American Family argues that in the event we find them liable for post-judgment interest, we should find them liable for post-judgment interest only from April 3, 2003, not January 31, 2000. April 3, 2003, is when the trial court granted summary judgment in fa-

As for the Additional Payments section of the policy, we find that it does not apply to the facts of this case. That section of the policy provides that *"in addition to our limit of liability,"* we will pay "[i]nterest on damages awarded in any suit *we defend."* Appellant's App. p. 96 (emphases added). American Family argues that because it did not defend the suit against Beckner, it does not have to pay any interest on damages. According to the clear and unambiguous language, however, "in addition to our limit of liability" means that in cases where the policy limits are exhausted, American Family will still pay for certain things above and beyond the policy limits, one of which is interest on damages.[5] Therefore, the policy's limitation for payments on interest on damages to only suits American Family defends simply does not come into play here because the limit of liability was never reached. And where, as here, the policy limits are not exhausted, American Family must pay for compensatory damages its insured is legally liable for, which pursuant to Indiana law includes post-judgment interest, up to the policy limits. In addition to post-judgment interest, compensatory damages could include the other items listed under the Additional Payments section, such as costs and appeal bonds. *See supra* note 5.

Because the policy limits were not approached in this case, the fact that American Family did not defend Beckner at trial has no bearing on its liability for post-judgment interest. We therefore affirm the trial court.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

vor of Plaintiffs, finding that Plaintiffs were not barred by the doctrine of collateral estoppel and that the truck was an insured vehicle. American Family asserts that prior to this order, it "properly considered itself to be uninvolved in the case and on the 'right side' of the law" because it had prevailed in the declaratory judgment action. Appellant's Br. p. 23. We observe that the declaratory judgment action was not decided by the trial court but rather dismissed with prejudice. Although this nevertheless operates as a dismissal on the merits, *see Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002–03 (Ind.Ct.App.2003), *trans. denied*, the policy clearly and unambiguously provides that American Family "will pay compensatory damages an insured person is legally liable for...." Appellant's App. p. 95. Beckner is legally liable for compensatory damages, which includes post-judgment interest dating back to January 31, 2000; therefore, American Family must pay for the entire time period.

We also note that even though the summary judgment order did not come until 2003, the CCS reflects that American Family was served with the proceedings supplemental on May 24, 2000, about four months after the default judgment was entered against Beckner. Therefore, in 2000 American Family must have had some idea, however remote, that it could be held liable for the accident.

5. Specifically, the Additional Payments section of the policy provides that in addition to American Family's limit of liability, it will pay for: all costs; interest on damages awarded in any suit we defend; premiums on appeal bonds; charges up to $250.00 for a bail bond required due to an auto accident; loss of wages or salary for attending trials or hearings; expenses incurred for first aid to others at the time of an accident; and any other reasonable expense incurred at our request. *See* Appellant's App. p. 96.