**Ned JOHNSON, Appellant–Defendant,**

v.

**Gayle M. JOHNSON, Appellee–Plaintiff.**

No. 50A03–0601–CV–39.

Court of Appeals of Indiana.

June 30, 2006.

Jere L. Humphrey, Kizer & Neu, Plymouth, IN, Attorney for Appellant.

Peter M. Yarbro, Hains Law Firm, South Bend, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ned Johnson ("Father") appeals the trial court's order directing that a foreign judgment entered against Father in the State of Washington and domesticated in Indiana accrue post-judgment interest at the rate prescribed in the Washington judgment according to Washington state law. He presents a single issue for review, namely, whether the trial court erred when it so ordered.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1994, Gayle M. Johnson ("Mother") obtained two judgments against Father in the State of Washington. One of the judgments was based on a child support arrearage accrued by Father ("child support judgment"), and the other was based on an arrearage for attorney's fees. The child support judgment provided that interest accrues on the principal judgment amount at the rate of twelve percent.

In 1995, Mother obtained a default judgment domesticating both of the judgments rendered in the State of Washington. The judgment based on the attorney's fee arrearage was later set aside, and that part of the domesticated judgment was released. The remaining domesticated judgment was based solely upon the money judgment representing the child support arrearage ("the Washington judgment").

In 2005, Mother sought to enforce the Washington judgment through proceedings supplemental. Father objected and filed an Affidavit of Payment, alleging that he had paid in full the amount owed under the Washington judgment. Mother then filed a response, alleging that a balance

remained under the Washington judgment because post-judgment interest accrued at twelve percent pursuant to Washington law. After a hearing and consideration of post-hearing authorities filed by the parties, the trial court entered an order directing that the post-judgment interest rate prescribed by Washington state law applied. This appeal ensued.

## DISCUSSION AND DECISION

▉▉▉▉ Father contends that Indiana's statutory post-judgment interest rate of eight percent should be applied to the Washington judgment. Mother contends that the post-judgment interest rate on a foreign judgment should be determined by the law of the rendering state and, therefore, that the twelve-percent interest rate provided under Washington state law should apply. We agree with Mother.

▉▉▉▉ A judgment from a sister state that is domesticated in an Indiana court will be given full faith and credit. *See Mahl v. Aaron*, 809 N.E.2d 953, 959 (Ind. Ct.App.2004). Full faith and credit means that "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Id.* at 959. Full faith and credit, however, does not mean that states must adopt the practices of other states regarding the time, manner, and mechanisms for enforcing judgments. *Id.* Enforcement measures do not travel with the sister state judgment as preclusive effects do: such measures remain subject to the evenhanded control of forum law. *Id.* And the full faith and credit clause does not require one state to apply another state's laws in violation of its own legitimate public policy. *Newman v. Worcester County Dep't of Social Servs. (In re L.C.)*,

659 N.E.2d 593, 601 (Ind.Ct.App.1995), *cert. denied* 517 U.S. 1136, 116 S.Ct. 1423, 134 L.Ed.2d 547 (1996); *Lucas v. Estate of Stavos*, 609 N.E.2d 1114, 1120 (Ind.Ct.App. 1993), *trans. denied.*

Courts in some jurisdictions apply the statutory post-judgment interest rate of the rendering state to domesticated foreign judgments. *Mike Smith Pontiac, Inc. v. Mercedes–Benz, Inc.*, 356 Md. 542, 741 A.2d 462, 470 (1999); *see, e.g., Dooley v. Rubin*, 422 Pa.Super. 57, 618 A.2d 1014, 1017 (1993); *Slade v. Slade*, 81 N.M. 462, 468 P.2d 627, 631 (1970); *Monark Boat Co. v. Fischer*, 292 Ark. 544, 732 S.W.2d 123, 126 (1987) (by statute); *Osborne v. Bank of Delight*, 173 Ga.App. 322, 326 S.E.2d 523, 524 (1985); *Gibson v. Baxter*, 434 N.W.2d 486 (Minn.App.1989) (decided under Minnesota's Revised Uniform Reciprocal Enforcement of Support Act). In some states, interest accrues at the rate set by the rendering state until the date the judgment is domesticated, at which time interest begins accruing at the rate set by the forum state. *See Silbrico Corp. v. Raanan*, 170 Cal.App.3d 202, 216 Cal.Rptr. 201 (1985) (quoting Cal.Code Civ. Proc. § 1710.25(a)(2)); *Rondette, Ltd. v. Peterson*, 518 So.2d 1183, 1185 (La.Ct.App. 1988). And courts in a "minority" of states have held that interest accrues at the rate prescribed by the forum state's law. *Mike Smith Pontiac, Inc.*, 741 A.2d at 470; *see also Evans v. Evans*, 155 S.W.3d 90, 98 (Mo.Ct.App.2004), *trans. denied; Cahn v. Cahn*, 119 Misc.2d 150, 462 N.Y.S.2d 535, 537 (N.Y.Civ.Ct.1983). Whether the statutory post-judgment interest rate of the rendering state or the forum state should apply to a domesticated judgment is an issue of first impression in Indiana.[1]

---

**1.** As Father notes, Indiana has enacted Indiana Code Sections 34–54–11–1 to –5 re-

garding the enforcement of foreign judgments in Indiana courts. The statutes became effec-

 The right to post-judgment interest arises as a matter of statutory law. *See Tincher v. Davidson,* 784 N.E.2d 551, 553 (Ind.Ct.App.2003); Ind.Code § 24–4.6–1–101. The statute controlling post-judgment interest on money judgments, Indiana Code Section 24–4.6–1–101, requires post-judgment interest from the date of the "verdict" in a jury trial or the "finding of the court" in a bench trial. *Tincher,* 784 N.E.2d at 553. And the obligation to pay post-judgment interest is "part and parcel of the obligation to pay a money judgment" and is governed by statute. *Am. Family Mut. Ins. Co. v. Ginther,* 843 N.E.2d 575, 579 (Ind.Ct.App. 2006) (quoting *Indiana Ins. Co. v. Sentry Ins. Co.,* 437 N.E.2d 1381, 1391 (Ind.Ct. App.1982)).

Here, the Washington money judgment provided for post-judgment interest to accrue on the principal amount at Washington's statutory rate of twelve percent. Once the Washington judgment was domesticated, it became enforceable in Indiana in the manner provided by Indiana law. *See Mahl,* 809 N.E.2d at 959. Indiana Code Section 24–4.6–1–101 currently provides for post-judgment interest at the rate of eight percent annually. But Indiana considers post-judgment interest to be "part and parcel" of a money judgment. *See Am. Family Mut. Ins. Co.,* 843 N.E.2d at 579. Thus, applying Indiana's statutory post-judgment interest rate would go beyond merely enforcing the judgment.

Father contends that "there is no constitutional requirement that compels the forum state to apply the initiating state's interest rate." Appellant's Brief at 4. But, as noted above, the statutory interest rate ordered by the Washington court is a substantive part of the money judgment, not merely a mechanism to enforce the judgment. *See id.* Thus, the entire Washington judgment, including principal and post-judgment interest at Washington's statutory rate, is entitled to full faith and credit in Indiana.

Father also argues that Indiana has an interest in applying its own statutory post-judgment interest rate. Specifically, Father asserts that Indiana has an interest in having all judgments collect interest at the same rate, but Father does not develop that argument. As noted above, the full faith and credit clause does not require one state to apply another state's laws in violation of its own legitimate public policy. *Newman,* 659 N.E.2d at 601. But Father has not shown that to apply the rendering state's interest rate would violate our public policy. In fact, Indiana Code Section 31–16–12–2 gives trial courts discretion to award interest at the rate of eighteen percent annually on delinquent child support payments.[2] Thus, the legislature has determined that it is this state's public policy to allow a higher rate of interest on delinquent child support payments than the rate ordered here under Washington state law. Clearly, application of the Washington rate of interest on this money judgment does not violate Indiana public policy.

In the context of domesticated judgments, we conclude that a provision for post-judgment interest on a foreign money judgment is a substantive part of that

---

tive July 1, 2003. The statutes are silent on the issue presented in this appeal.

**2.** Mother did not request post-judgment interest under Indiana Code Section 31–16–12–2. Therefore, the trial court could not have awarded interest at that rate. *See Caldwell v.*

*Black,* 727 N.E.2d 1097, 1100 (Ind.Ct.App. 2000) (holding that parent must specifically request interest under Indiana Code Section 31–16–12–2 in order to be awarded rate provided by that statute).

judgment, not merely an enforcement mechanism. We further conclude that a domesticated foreign judgment that provides for post-judgment interest at the rendering state's statutory rate is entitled to full faith and credit in Indiana as to both principal and post-judgment interest at the rendering state's rate, unless the judgment debtor can show that the enforcement of the post-judgment interest part of the judgment would violate Indiana public policy. Father has not made such a showing here.

Affirmed.

SHARPNACK, J., and ROBB, J., concur.