Halsey Homes Corp. v Prince-Bowden (2020 NY Slip Op 51302(U))

[*1]

Halsey Homes Corp. v Prince-Bowden

2020 NY Slip Op 51302(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-919 K C

Halsey Homes Corp., Respondent, 
against
Janice Prince-Bowden, Appellant, et al., Undertenants.

Janice Prince-Bowden, appellant pro se.
Zelentiz, Shapiro & D'Agostino (Bradley M. Zelenitz of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Hannah
Cohen, J.), dated June 7, 2019. The order granted petitioner's motion to compel the marshal to
re-execute a warrant of eviction in a summary proceeding commenced pursuant to RPAPL 713
(5).

ORDERED that the order is reversed, without costs, and petitioner's motion to compel the
marshal to re-execute the warrant of eviction is denied.
This summary proceeding commenced pursuant to RPAPL 713 (5) was settled pursuant to a
stipulation, and execution of the warrant of eviction was stayed through October 31, 2018.
Occupant then successfully moved several times to stay the execution of the warrant, but was
evicted from the premises on April 4, 2019. On that same day, but after occupant was evicted,
petitioner was informed that the Appellate Division, Second Department, had awarded occupant
an interim stay of the eviction, pending the determination of a motion in a Supreme Court
proceeding relating to the prior sale of the subject premises. Petitioner immediately allowed
occupant to regain possession of the premises. The Appellate Division, Second Department,
denied occupant's motion on May 7, 2019, and, on papers dated May 28, 2019, petitioner moved
in this proceeding to compel the marshal to re-execute the warrant of eviction. By order dated
[*2]June 7, 2019, the Civil Court granted petitioner's motion,
finding that, due to the stay ordered by the Appellate Division, Second Department, the
proceeding was still pending and the Civil Court retained jurisdiction. Due to the compelling
circumstances of the proceeding, the Civil Court directed the marshal to re-execute the warrant of
eviction.
The eviction here was legally executed, as it was completed before the marshal was served
with the Appellate Division's stay order (see Chelsea Marina v Scoralick, 94 AD2d 189
[1983]; Hospital Serv. Plan of N.J. v Warehouse Prod. & Sales Empls. Union, 76
AD2d 882 [1980]). There was no longer anything to be stayed by the Appellate Division's order
which, contrary to petitioner's claim, did not require that occupant be restored to possession.
Once the warrant of eviction had been executed, the proceeding was no longer pending and
the court was divested of jurisdiction to hear petitioner's motion, as the only power the court
retained, to "restore the tenant to possession subsequent to execution of the warrant," was
inapplicable (RPAPL 749 [3]; see Sweet v Sanella, 46 AD2d 688, 689 [1974]; Goldburd v Langer, 62 Misc 3d
140[A], 2019 NY Slip Op 50050[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; 1472 Props., LLC v Solanki,
52 Misc 3d 139[A], 2016 NY Slip Op 51127[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2016]; 1250, LLC v
Augustin, 52 Misc 3d 135[A], 2016 NY Slip Op 51035[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016]).
Accordingly, the order is reversed, and petitioner's motion to compel the marshal to
re-execute the warrant of eviction is denied.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020