■ ANTHONY GERMANO et al., Appellants, v NANCY BENJAMIN, Respondent.—In an action for specific performance of a contract to sell real property, plaintiffs appeal from an order of the Supreme Court, Richmond County, dated September 2, 1977, which granted defendant's motion for

summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion denied. Plaintiffs entered into a contract to buy real property owned by defendant. Said contract provided that: "The purchaser[s], at their own expense, may cause a termite inspection of the premises within 20 days of this contract. In the event that [termite] infestation or damage is found, either party may cancel this contract. Upon cancellation, the deposit shall be returned to [the] purchaser[s], and the contract shall be deemed null and void." Plaintiffs arranged for such inspection. A report from Post Exterminating Co., Inc., dated January 18, 1977, indicated that there was no termite infestation. Counsel for plaintiffs, not realizing that plaintiffs had already arranged for a termite inspection, sent J. G. Exterminating to perform a termite inspection. J. G. Exterminating examined the premises and, after receiving payment from defendant, an experienced real estate saleslady, reported that the premises were infested by termites. By letter dated January 24, 1977, the same day that J. G. Exterminating inspected the premises and found termites, defendant's attorney notified plaintiffs' counsel that defendant elected to cancel the contract because of the discovery of termites. On these facts, Special Term improvidently granted defendant's motion for summary judgment. There is a question of fact as to the intent of the parties and, particularly, as to the seller's intent, with respect to that portion of the contract which permits the seller to cancel the contract in the event the buyers' inspection reveals termite infestation. Depending upon the seller's purpose in securing such an option, there may be a further question as to whether such purpose might be satisfied by the buyers' willingness to purchase the house with the infestation, and without any demand for an abatement in the purchase price or that the seller bear the cost of extermination (see *Hirschmann v Antin,* NYLJ, Feb. 28, 1967, p 22, col 2; see, also, *Catholic Foreign Mission Soc. of Amer. v Oussani,* 215 NY 1, 8; *Sun Assets Corp. v English Evangelical Lutheran Church of Ascension of Borough Park, Brooklyn,* 19 Misc 2d 187, 193). Finally, the fact that defendant paid the inspector who had been inadvertently ordered by plaintiffs' attorney, and the uncommon efficiency with which defendant's attorney repudiated the contract after that inspection, raise the possibility that defendant failed to act in good faith. Plaintiffs should have the opportunity to explore this possibility in discovery proceedings (see CPLR 3212, subd [f]). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.