■ MANCINI-CIOLO, INC., Appellant, v SALVATORE SCARAMEL-LINO et al., Respondents. JOHN CONTE et al., Intervenors-Respondents.—In an action, *inter alia,* for specific performance of a contract to sell real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 11, 1985, which denied its motion for summary judgment and granted a cross motion by the intervenors for leave to intervene, for summary judgment dismissing the complaint, and for vacatur of a notice of pendency.

Order affirmed, with one bill of costs payable to the defendants-respondents and the intervenors-respondents, appearing separately and filing separate briefs.

The defendants were owners of a 28-acre parcel of land, of which 14 acres were leased to the intervenors. The lease, which contained a right of first refusal to purchase the property, was for a term of five years; the tenant had the option to renew it for an additional five-year term, through February 28, 1987.

In November 1983, the plaintiff offered to purchase the entire property. Before executing a contract for the sale of the property, the defendants required the plaintiff to agree that "[i]n the event the [defendants] are unable to convey title they shall have no liability other than to refund the contract deposit". The plaintiff agreed to this clause and the contract was executed on or about February 15, 1984. The plaintiff was aware of the existing tenancy and, having been provided with a copy of the lease, knew or should have known that it contained a right of first refusal for the leased premises.

Negotiations between the defendants and the intervenors failed, and on June 14, 1984, the intervenors exercised their right of first refusal. On July 17, 1984, the intervenors obtained a temporary restraining order enjoining the defendants from conveying the leased property to any party but the intervenors. By order dated August 10, 1984 (Ingrassia, J.), a preliminary injunction was granted. The plaintiff filed a notice of pendency on August 14, 1984. On or about August 15, 1984, the entire parcel of 28 acres was conveyed to the intervenors. The contract deposit and accrued interest were returned to the plaintiff.

The plaintiff then commenced the instant action to set aside

the conveyance and to compel the defendants to specifically perform the contract sale. The plaintiff moved for summary judgment on its complaint, and the intervenors cross-moved for leave to intervene, to vacate the notice of pendency, and for summary judgment dismissing the plaintiff's complaint. The defendants joined in that motion. Special Term granted leave to intervene, denied the plaintiff summary judgment, granted summary judgment dismissing the complaint and vacated the notice of pendency. We affirm.

The parties to a contract for the sale of real property may agree to restrict the liability consequent upon a breach, or may agree that no damages will be payable at all once the status quo has been restored (see, S.E.S. Importers v Pappalardo, 53 NY2d 455, 466; Mokar Props. Corp. v Hall, 6 AD2d 536, 539). Implicit in such a limitation is the obligation to act in good faith. It contemplates the existence of a situation beyond the control of the parties (see, Mokar Props. Corp. v Hall, supra).

Where there are allegations that the seller's default is willful and deliberate, the question of the seller's lack of good faith cannot be resolved on pleadings and affidavits (see, Coppola v Fredstrom, 45 AD2d 857). However, at bar, the papers submitted to Special Term do not allege that the defendants acted in bad faith. On the contrary, the record indicates that the defendants acted diligently in an attempt to be able to convey good title to the plaintiff (see, Mokar Props. Corp. v Hall, supra).

On the rescheduled closing date, the defendants were unable to convey the property in accordance with the contract because of the intervenors' exercise of their right of first refusal. Thus, Special Term properly determined that the liability of the defendants was limited by the contract clause. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.