■ ALICE HUSSIE, Respondent, v ABIGAIL W. BRESSLER, Appellant, et al., Defendants.—In an action to recover damages for breach of a real estate brokerage contract and for tortious interference with that contract, the defendant Bressler appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered March 15, 1985, as denied that branch of her motion which was for dismissal of the second cause of action alleged in the complaint insofar as it is asserted against her.

Order reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant Bressler's motion which was for dismissal of the second cause of action asserted in the complaint insofar as it is asserted against her granted, and the plaintiff's action against the remaining defendants severed.

The instant action was commenced by the plaintiff, a real estate broker, against the defendants Lloyd and Irene Dickerson and Gwynn and George Schroeder, the contract vendors and vendees, respectively, of certain realty in Suffolk County, and against the defendant Bressler, the attorney for the contract vendors. The first cause of action in the complaint sounded in breach of contract and alleged, *inter alia,* that the plaintiff had not been paid "her duly earned commission". The second cause of action, which was captioned "PLAINTIFF ALLEGES INTERFERENCE IN CONTRACTUAL RELATIONS AS A TORT", alleged, *inter alia,* that the defendant Bressler, the attorney for the contract vendors, "urged" the Dickersons to "unlawfully breach" their brokerage contract with the plaintiff.

The defendant Bressler moved to dismiss both causes of action insofar as they are asserted against her. Special Term dismissed the first cause of action insofar as it is asserted against the defendant Bressler. However, it denied that branch of the defendant Bressler's motion which was for dismissal of the second cause of action.

The second cause of action must be dismissed insofar as it is asserted against the defendant Bressler.

The record indicates that the Schroeders were originally procured by the plaintiff as potential buyers of the subject property, and the defendant Bressler mailed a contract to the Schroeders' attorney on November 15, 1983, for the purpose of signature. This contract was returned unsigned because the Schroeders had not sold their old residence. The Dickersons then took the property off the market. In May 1984 the Dickersons were again contacted by the Schroeders regarding the possible sale of the property, and, after some further negotiations, a contract was signed between the Dickersons and the Schroeders. According to the defendant Bressler, the plaintiff was not paid at the closing because: "It was and still is my opinion that no commission is due because of the plaintiff's failure to procure a ready, willing and able buyer and the abandonment of the listing".

It is well settled that "[a]n agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal and within the scope of his authority" (Kartiganer Assoc. v Town of New Windsor, 108 AD2d 898, 899; Shaw v Merrick, 60 AD2d 830). We find nothing in the allegations of the second cause of action or the opposing affidavits of the plaintiff's counsel which warrants a departure from this rule. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.