■ DIRECTOR DOOR CORPORATION, Respondent, v MARCHESE & SALLAH, P. C., Appellant.—In an action to recover damages for breach of an escrow agreement, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated February 25, 1986, which denied its motion to renew

its opposition to the plaintiff's motion for summary judgment, and (2) from a judgment of the same court, entered March 19, 1986, which, upon an order granting the plaintiff's motion for summary judgment, was in favor of the plaintiff and against it in the sum of $14,396.35.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On December 17, 1984, the plaintiff obtained a default judgment against Debco Contracting Corp. (hereinafter Debco) and its principal, Rudy Pearson, in the amount of $14,396.35, and restraining notices were sent to Debco's and Pearson's bank. Debco's motion to vacate the default was denied. The defendant law firm, representing Debco and Pearson, then negotiated with the plaintiff's attorney and a stipulation was entered whereby Debco agreed to pay the full amount of the default judgment to the defendant law firm, to be held in escrow by it pending the determination of Debco's motion for leave to renew its prior motion to vacate its default and/or an appeal from an order deciding that motion. In the event that the motion, and appeal if appropriate, were unsuccessful, then the moneys being held in escrow by the defendant law firm were to be forwarded to the plaintiff's attorney within five days of demand. The plaintiff's attorney agreed not to commence any execution proceedings on the default judgment until after the renewed motion and appeal were decided.

Pursuant to this stipulation, an associate of the defendant firm notified the plaintiff's attorney by letter that Debco had delivered a check in the full amount of the default judgment and that the check would be "held by our office in escrow" pending the determination of Debco's motion to renew its motion to vacate its default. Pursuant to the defendant escrowee's request and based on the representation that the check was being held in escrow, the plaintiff's attorney, notified Debco's bank that the restraining notice on Debco's account should be lifted.

Debco's motion for renewal of its motion to vacate its

default was denied and no appeal was taken from that order. The plaintiff's attorney's repeated demands that the defendant law firm turn over the funds being held in escrow pursuant to the stipulation were not honored and the plaintiff instituted this action seeking recovery of those funds. In response to the plaintiff's motion for summary judgment, the defendant claimed that a check was received by it from Debco, but that it was never cashed because Pearson, Debco's principal, had said that there were insufficient funds in its account to cover it. The defendant claimed that when it notified the plaintiff's attorney that the check had been received and was being held in escrow it did not know that there were insufficient funds in Debco's account to cover it. Yet, the defendant acknowledged that when it was later informed that there were insufficient funds to honor the check, it did not notify the plaintiff but only tried to persuade its client to comply with the stipulation by producing the money.

The defendant, as designated escrow holder, had a fiduciary relationship with the plaintiff and pursuant to that relationship it owed the plaintiff the highest kind of loyalty (see, Bardach v Chain Bakers, 265 App Div 24, affd 290 NY 813). When it came to the defendant's attention as a depository of the escrow check that the plaintiff was being defrauded by Debco and Pearson, its fiduciary relationship imposed upon it a duty to disclose the fraud to the plaintiff. Its failure to do so renders the defendant liable for the damages suffered by the plaintiff (55 NY Jur 2d, Escrows, §§ 15, 24, at 603, 611).

We note that the plaintiff's moving papers, when read in conjunction with the annexed exhibits, provided an ample basis on which to grant summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092), and the defendant's motion to renew was correctly denied as it offered no excuse for its failure to submit the allegedly new facts in the first instance (see, Foley v Roche, 68 AD2d 558). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.