■ BLAISE MUSCARA, Appellant, v DENISE M. LAMBERTI, Defendant, and HOWARD FENSTERMAN, Respondent.—In an action, inter alia, to recover damages for intentional interference with contract, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered March 13, 1986, as granted the cross motion of the defendant Howard Fensterman for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Under the terms of an agreement entered into between the plaintiff and his former wife, the plaintiff consented to the adoption of his son by the former wife's new husband upon the condition, inter alia, that the wife repay to the plaintiff

the sum of $20,000 which she had previously received from the parties' joint savings account pursuant to their separation agreement. It was agreed that that sum was to be paid by the wife into the escrow account of the defendant Howard Fensterman, the attorney who was representing the former wife and her new husband in the adoption proceedings, 30 days prior to the calendar date set for the adoption proceedings, and was to be released to the plaintiff upon the completion of those proceedings. After the adoption was finalized, however, the plaintiff discovered that the funds had never been delivered to Fensterman. He thereupon commenced this action against his former wife and Fensterman, seeking to recover that sum. His claim against Fensterman was based, *inter alia,* upon a theory of tortious interference with contract. Following joinder of issue, the plaintiff moved for summary judgment against both defendants, and Fensterman cross-moved for summary judgment dismissing the complaint insofar as it is asserted against him. The court granted that branch of the plaintiff's motion which was for partial summary judgment against his former wife and granted the cross motion by Fensterman to dismiss the complaint insofar as it is asserted against him.

We conclude that the court properly granted the cross motion and dismissed the complaint insofar as it is asserted against Fensterman.

In order for his complaint to survive the cross motion for summary judgment, the plaintiff was obliged to produce evidence, not just allegations, that Fensterman intentionally interfered with the agreement between the plaintiff and his former wife *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282), and he has failed to do so. To the contrary, the record shows that prior to the finalization of the adoption, Fensterman wrote to the plaintiff's former wife on three occasions reminding her of her obligation to deposit the $20,000 in the escrow account, thus demonstrating that there was no intent by him to dissuade his client from performing her contractual commitment.

The plaintiff also contends that Fensterman owed a duty to him as an escrowee. We disagree. An essential element of an escrow is the delivery of the subject of the escrow to the designated escrow agent *(see, Farago v Burke,* 262 NY 229; *Menkis v Whitestone Sav. & Loan Assn.,* 78 Misc 2d 329; 55 NY Jur 2d, Escrows, § 3). Upon delivery of the subject of the escrow to the escrow agent, he becomes the fiduciary of both parties and owes them the highest kind of loyalty *(see, Direc-*

*tor Door Corp. v Marchese & Sallah,* 127 AD2d 735; *see also, Farago v Burke, supra; Stanton v Miller,* 58 NY 192; *Bardach v Chain Bakers,* 265 App Div 24, *affd* 290 NY 813; *Mechanics' Natl. Bank v Jones,* 76 App Div 534, *affd* 175 NY 518). Absent delivery of the subject of the escrow, however, no escrow is created *(see, Stein v Rand Constr. Co.,* 400 F Supp 944; 55 NY Jur 2d, Escrows, § 8), and the fiduciary duty of the designated escrow agent does not come into existence *(cf., Director Door Corp. v Marchese & Sallah, supra).* At bar, the funds which were the subject of the escrow were never delivered to Fensterman and therefore, he never became a fiduciary. Any duty owed by him to the plaintiff as escrow agent would only have arisen if and when he received the $20,000 from his client in accordance with the agreement.

Nor can any liability be attributed to Fensterman for his representation of his client during the adoption proceedings, with knowledge that she had failed to comply with the terms of the agreement. His duty during that proceeding was to his client, not to the plaintiff.

Moreover, it is settled that an agent such as Fensterman cannot be held responsible for his principal. The plaintiff's former wife breached the contract *(see, Hussie v Bressler,* 122 AD2d 113). The plaintiff was represented by his own counsel during these proceedings and it was the duty of his counsel, not Fensterman, to ensure compliance with the agreement. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.