JULIUS SCHILLER et al., Appellants, v PRISCILLA GRAFTON, Respondent.

The defendant is the owner of certain real property located in the Town of Beekman, in Dutchess County. In May 1984 the defendant placed an advertisement in various publications offering the property for sale. The advertisement did not describe the property as being improved by a one- or two-family dwelling but provided that the residence "incl[udes] profsnl./mothr-dghter apt". The plaintiffs visited the subject premises and observed that the residence contained two separate living quarters, each having, *inter alia,* separate entrances and kitchen and bathroom facilities. On or about May 18, 1984, the parties executed a contract for the sale of the property. The purchase price was $80,000. Attached to the contract was a rider which contained clauses that promised, *inter alia,* that the dwelling's use, occupancy or structure complied with the local zoning law and that the defendant would deliver a certificate of occupancy "certifying the lawfully residential use of the premises" or, in lieu thereof, a writing evidencing that the residence is exempt from the requirement of a certificate of occupancy.

The controversy commenced when the plaintiffs claimed that the defendant fraudulently misrepresented that the resi-

dence could be lawfully used as a two-family dwelling and was being conveyed as such. The defendant denied making such a representation and maintained that the contract she signed was for the sale of a one-family residence. The plaintiffs requested the return of their $8,000 deposit and did not attend the scheduled closing. The plaintiffs filed a lis pendens and a summons and complaint was served for specific performance of the realty contract. The plaintiffs' motion for summary judgment was denied. The court stated that "[m]aterial, triable factual issues are raised that cannot be resolved based upon the papers submitted * * * it cannot be determined whether defendant had offered and/or was required to deliver title to a multiple family residence or a single family/mother-daughter residence". The court adhered to its original decision upon granting the plaintiffs' motion to reargue. We agree.

The proponent on a motion for summary judgment must make a prima facie showing of entitlement as a matter of law to judgment by offering sufficient evidence to remove any material questions of fact. Absent such a showing, the motion will be denied, irrespective of the sufficiency of the opposing proof (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851; Bratt v Bank of N. Y., 138 AD2d 555; Fox v Wyeth Labs., 129 AD2d 611).

In the case at bar, the plaintiffs' supporting papers do not establish, as a matter of law, that the parties intended that the contract of sale pertain to the conveyance of a two-family dwelling. The resolution of this factual issue of intent (see, Chimart Assocs. v Paul, 66 NY2d 570; Germano v Benjamin, 64 AD2d 884; see also, 62 NY Jur, Vendor and Purchaser, § 32; 1A Warren's Weed, New York Real Property, Contracts, § 19.01 [4th ed]), in turn, will enable the court to determine whether the plaintiffs could justifiably demand a certificate of occupancy or a writing evidencing that the residence is exempt from the requirement of a certificate of occupancy (cf., Pamerqua Realty Corp. v Dollar Serv. Corp., 93 AD2d 249, 251-252).

We further find that the defendant's opposing papers raise a material issue of fact (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065) concerning whether the plaintiffs' demand for assurances that the defendant obtain a certificate of occupancy or a writing evidencing that the residence is exempt from the requirement of a certificate of occupancy prior to the scheduled closing constituted an anticipatory breach (see, Long Is. R. R. Co. v Northville Indus. Corp., 41 NY2d 455, 463-468; Oxford Funding Corp. v James H.

*Northrup, Inc.,* 130 AD2d 722, 723, *lv denied* 70 NY2d 613; *cf., Stewart v Sternberg,* 137 AD2d 592). Accordingly, the plaintiffs' motion for summary judgment was appropriately denied (CPLR 3212 [b]). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.