■ Martin Krasne, Appellant, v Sylvia Gedell et al., Respondents.—In an action to recover damages for, inter alia, breach of a contract for the sale of commercial property, the plaintiff purchaser appeals from (1) so much of an order of the Supreme Court, Kings County (Golden, J.), dated May 5, 1987,

as granted the defendant Fingerhut summary judgment dismissing the third cause of action of his complaint, and severed the action as against the remaining defendant, and (2) so much of an order of the same court, dated August 25, 1987, as upon renewal, adhered to its original determination granting the defendant Fingerhut summary judgment, and denied the plaintiff's cross motion for summary judgment.

Ordered that the appeal from the order dated May 5, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated August 25, 1987; and it is further,

Ordered that the order dated August 25, 1987 is affirmed insofar as appealed from, without costs or disbursements.

On May 28, 1986, the plaintiff and the defendant, Sylvia Gedell, entered into a contract whereby Gedell agreed to sell certain commercial property to the plaintiff for $225,000. Pursuant to the contract rider agreement, the plaintiff gave Gedell a deposit of $22,500, to be held in escrow by Gedell's attorney, the defendant Fingerhut. Unbeknownst to the plaintiff, on May 16, 1986, Gedell had contracted to sell the same property to Marina and Boris Shkolnik for $215,000. On the day before the contract between the plaintiff and Gedell was signed, Fingerhut sent a letter to the Shkolniks notifying them that Gedell had decided not to sell the subject property to them, and returning their deposit of $21,500 which he was holding in escrow pursuant to the contract of May 16, 1986. The next day, May 28th, i.e., the same day the contract between the plaintiff and Gedell was signed, the Shkolniks' attorney sent Fingerhut a letter indicating his clients' unwillingness to accept the purported cancellation, which began, "[a]s per my conversation with you this date [May 28], I am returning herein a check drawn on your special account in the amount of $21,500 which money you are holding in escrow". By letter dated June 13, 1986, Fingerhut informed the plaintiff's attorney that his clients would be unable to deliver title to the subject property to the plaintiff and refunded the plaintiff's deposit "pursuant to paragraph 12 in our contract, entitled 'Termination'". The subject property was ultimately conveyed to the Shkolniks pursuant to the May 16th agreement.

The plaintiff subsequently commenced the instant action against (1) Gedell, for breach of contract and fraudulent inducement, and (2) Fingerhut, for breach of a fiduciary obligation. In addition, the plaintiff sought treble damages against Fingerhut under Judiciary Law § 487, which provision

the plaintiff now concedes is inapplicable. By order dated May 5, 1987 Fingerhut was granted summary judgment against the plaintiff and by order dated August 25, 1987, the plaintiff was denied summary judgment against Fingerhut and Gedell. We affirm.

Initially, we note that in his reply brief, the plaintiff concedes the existence of issues of fact with respect to the cause of action for fraudulent inducement, thereby removing this issue from our consideration.

With respect to the cause of action for breach of contract, the plaintiff failed to establish his entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Specifically, triable issues of fact exist as to whether the termination clause in the contract was intended to permit unilateral cancellation by the seller *(see, Germano v Benjamin,* 64 AD2d 884) and, if so, whether the seller acted in good faith in canceling the contract, and as to whether the parties intended to limit damages for the seller's breach by the inclusion of that clause *(see, Mancini-Ciolo, Inc. v Scaramellino,* 118 AD2d 761; *Mokar Props. Corp. v Hall,* 6 AD2d 536).

The court also properly granted Fingerhut's motion for summary judgment dismissing the complaint as against him. Under ordinary circumstances, an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion, or a malicious or tortious act *(Chelsea Marina v Scoralick,* 94 AD2d 189; *Singer v Whitman & Ransom,* 83 AD2d 862). No such showing has been made at bar. Nor has an issue of fact been raised as to whether Fingerhut breached the fiduciary obligation he owed to the plaintiff by virtue of his status as escrow agent under the contract between the plaintiff and Gedell *(see, Director Door Corp. v Marchese & Sallah,* 127 AD2d 735; *Bardach v Chain Bakers,* 265 App Div 24, *affd* 290 NY 813). There is nothing in the record to indicate that Fingerhut conducted any activity or failed to disclose any information which would have adversely affected the plaintiff's rights under the escrow agreement. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.