■ KAREN F. PANCAKE, Appellant, v PHILIP FRANZONI, Defendant, and ANTHONY MASTROIANNI, Respondent.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of a parcel of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Saladino, J.), entered May 15, 1987, which granted the defendant Mastroianni's motion for summary judgment dismissing the second cause of action asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

Under ordinary circumstances, an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion, or a malicious or tortious act *(Krasne v Gedell,* 147 AD2d 616; *Chelsea Marina v Scoralick,* 94 AD2d 189; *Singer v Whitman & Ransom,* 83 AD2d 862). Here, the plaintiff alleges in her second cause of action that the defendant Mastroianni—an attorney—knowingly, intentionally and without reasonable justification induced his client and codefendant Franzoni to breach his agreement to sell a parcel of real property to the plaintiff. The agreement, designated a "sales memorandum", was a real estate binder, subscribed by Franzoni, as seller, and the plaintiff, as purchaser. As attorney for the seller, the defendant Mastroianni, advised his client of the legal ramifications of the binder.

Liability may not be imposed upon Mastroianni because the record on appeal discloses that he was acting at all relevant times as the seller's attorney, and, thus, as an agent of Franzoni. "An agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal and within the scope of his authority" *(Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899, *lv dismissed* 65 NY2d 925; *see also, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *Shaw v Merrick,* 60 AD2d 830). Although the plaintiff admittedly deposed Franzoni, she has proffered no evidentiary proof, aside from surmise and conjecture, that Mastroianni ever

acted other than in his capacity as the seller's attorney or that his acts were motivated by self-interest *(see, Kartiganer Assocs. v Town of New Windsor, supra)*. A mere chance or hope that something will be uncovered if the plaintiff is provided with an opportunity to complete discovery does not warrant the deferral of a ruling on a motion for summary judgment pursuant to CPLR 3212 (f) *(Harris v Alcan Aluminum Corp.,* 91 AD2d 830; *affd* 58 NY2d 1036). Accordingly, the Supreme Court properly concluded that Mastroianni was entitled to summary judgment dismissing the second cause of action. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.