■ MOHAN NIHALANI et al., Respondents, v TEKHOMES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 15, 1990, which denied that branch of their motion which was to dismiss the complaint insofar as it is asserted against the defendant Robert P. Lynn, Jr.

Ordered that the appeal by the defendant Tekhomes, Inc., is dismissed *(see,* CPLR 5511); and it is further,

Ordered that on the appeal by Robert P. Lynn, Jr., the order is reversed, on the law, that branch of the motion which was to dismiss the complaint insofar as it is asserted against him is granted, and the action against the remaining defendant is severed; and it is further,

Ordered that the defendant Robert P. Lynn, Jr., is awarded one bill of costs.

It is well settled that "[u]nder ordinary circumstances, an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion, or a malicious or tortious act" *(Krasne v Gedell,* 147 AD2d 616, 618; *see also, Fried v Bower & Gardner,* 46 NY2d 765, 767; *Hussie v Bressler,* 122 AD2d 113). There was no showing in the record in this case that the attorney Robert P. Lynn, Jr., acted fraudulently, collusively, maliciously or tortiously in advising his client, who in turn counseled another party to break its contract with the plaintiffs. Hence, the Supreme Court erred in refusing to dismiss the complaint against the attorney. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.