■ SALLY ROSENBERG, Appellant-Respondent, v GILBERT RO-SENBERG, Defendant, and WARSHAW BURSTEIN COHEN SCHLE-SINGER & KUH, Respondent-Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 19, 1991, which granted the motion of defendant Warshaw Burstein Cohen Schlesinger & Kuh ("Warshaw") to reargue a prior order of the same court, entered July 24, 1991, and, upon reargument, granted summary judgment in favor of Warshaw dismissing the "first" cause of action for breach of an escrow agreement and/or of a fiduciary duty and denied summary judgment in favor of Warshaw dismissing the "second" cause of action for damages arising from an accounting,

unanimously modified, without costs, on the law, to the extent of granting summary judgment in favor of Warshaw dismissing the entire complaint as against it, and otherwise affirmed. Appeal from the order of the same court, entered January 23, 1991, which, *inter alia,* denied defendant Warshaw's motion to dismiss plaintiff's claim for punitive damages pursuant to CPLR 3211 (a) (7), unanimously dismissed as academic. Appeal from that part of the order of the same court, entered July 24, 1991, which granted plaintiff's motion for partial summary judgment for an accounting, unanimously dismissed as abandoned and as moot. Appeal from that part of order entered July 24, 1991, which denied defendant Warshaw's motion for summary judgment dismissing the complaint, unanimously dismissed as superseded by the appeal from the order of November 19, 1991. The balance of the order entered July 24, 1991, is unanimously affirmed.

In the first order appealed from, the IAS court denied defendant Warshaw's motion to dismiss the punitive damages claim against it, without elaboration. In the second order appealed from the IAS court found that the 1988 separation agreement did not create an escrow or fiduciary relationship between plaintiff and Warshaw, as no monies were deposited with Warshaw pursuant thereto, and the funds in escrow (under the 1985 agreement between nonparty Peerless and defendant Rosenberg) could not be released upon any act or performance of the parties to the 1988 separation agreement. It was also found that Warshaw was not obligated under the 1988 agreement to make any payment directly to plaintiff, but only to defendant Rosenberg, whose obligation it was to then pay plaintiff for her 25% interest in the escrow fund. However, special circumstances were found, warranting that Warshaw render an accounting to plaintiff. Although Warshaw appealed such direction, it did provide plaintiff with an accounting regarding the distribution of the Peerless funds held in escrow to defendant Rosenberg. In the third order appealed from the IAS court, perceiving a contradiction between its rejection of plaintiff's theory that Warshaw owed her a fiduciary duty arising out of the 1988 agreement and its refusal to dismiss any of plaintiff's claims against Warshaw, granted Warshaw reargument, and thereupon dismissed what it termed the "first" cause of action against Warshaw for damages arising out of the breach of the escrow agreement, but retained what it termed the "second" cause of action against Warshaw for the damages arising out of the accounting.

We agree that the 1988 modification to the separation

agreement did not create an escrow or fiduciary relationship between plaintiff and Warshaw. No funds were deposited with Warshaw pursuant to the agreement *(Silberstein v Murdoch,* 216 App Div 665; *Muscara v Lamberti,* 133 AD2d 362), and the language of the agreement imposes no duties or contractual undertaking on Warshaw in favor of plaintiff *(see, Animal-feeds Intl. v Banco Espirito Santo e Comercial,* 101 Misc 2d 379). Payments of plaintiff's 25% interest were to be made by defendant Rosenberg within 10 days after release by Warshaw, not by Warshaw directly to plaintiff. Warshaw's execution of the agreement as "Escrow Agent" is clearly attributable solely to its role as such pursuant to the 1985 agreement between defendants and Peerless. Assuming, arguendo, that Warshaw's execution of the 1988 agreement as "Escrow Agent" is ambiguous, the issue remains a question of law for the court to resolve on a motion for summary judgment, since only Warshaw presented any extrinsic evidence as to the background and negotiations behind the 1988 agreement by one with personal knowledge thereof, evidence that was wholly supportive of its contentions *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550). In this posture, plaintiff's only cause of action against Warshaw, based upon its alleged breach of fiduciary duty arising out of a purported escrow agreement within the 1988 modification to the separation agreement, should have been dismissed in its entirety. We note that plaintiff has made no claim in connection with the accounting other than this rejected theory, and we perceive no basis for any such claim. We have reviewed plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.