■ DENISE J. NICOLEAU et al., Respondents, v BROOKHAVEN MEMORIAL HOSPITAL CENTER et al., Defendants, and GARFUNKEL, WILD & TRAVIS, P. C., et al., Appellants.—In an action to recover damages for alleged violations of the plaintiffs' State and Federal civil rights, the defendants Garfunkel, Wild & Travis, P. C., and Norton L. Travis, appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered April 13, 1990, which denied their motion to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, with prejudice, insofar as it is asserted against the appellants; and the action against the remaining defendants is severed.

When the plaintiff Denise Nicoleau, a Jehovah's Witness, experienced severe hemorrhaging after giving birth to a healthy child on December 29, 1988, the appellant attorneys, on behalf of their clients, applied to the Supreme Court, Suffolk County, for an order permitting blood transfusions over the patient's objections. The court issued an ex parte order authorizing the transfusions. Although Denise Nicoleau and her family did not receive advance warning of the application, nor of the fact that an order had been signed, they were aware of the court's directive by late afternoon, some 2½ hours before the transfusions were actually administered. Mrs. Nicoleau survived. Upon the subsequent application of Mrs. Nicoleau and her husband to this court, the Supreme Court's order was vacated, *inter alia,* for failure to give the patient and her family notice and an opportunity to be heard *(Matter of Fosmire v Nicoleau,* 144 AD2d 8). This court's decision and order was affirmed by the Court of Appeals, which also found that a competent adult had a right to refuse

life-saving treatment, even if she was young, otherwise healthy, and a parent *(Matter of Fosmire v Nicoleau,* 75 NY2d 218).

In the instant action, the Nicoleaus have sued the hospital, the obstetrician, and the appellant attorneys to recover damages, *inter alia,* for alleged violations of the plaintiffs' State and Federal civil rights. The appellants moved to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3211 (a) (1) and (7), on the basis that they have an absolute defense grounded upon documentary evidence, and because the complaint fails to state a cause of action against them. By order dated April 5, 1990, Supreme Court denied their motion without prejudice and directed discovery to proceed, because "the facts essential to properly oppose this motion, if any, are within the exclusive knowledge" of the movants and the other defendants *(see,* CPLR 3211 [d]). We find that the Supreme Court erred in refusing to grant the appellants' motion.

It is well established that "an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion, or a malicious or tortious act" *(Pancake v Franzoni,* 149 AD2d 575; *Krasne v Gedell,* 147 AD2d 616; *Chelsea Marina v Scoralick,* 94 AD2d 189; *Singer v Whitman & Ransom,* 83 AD2d 862). In addition, if a plaintiff does not expressly allege that his opponent's attorney was motivated by "malicious intentions", the conduct complained of does not give rise to liability as a matter of law *(Gifford v Harley,* 62 AD2d 5, 7). There is no exception to this general rule where there are alleged violations of State (or Federal) civil or constitutional rights *(see, e.g., Sullivan v State Div. of Human Rights,* 73 AD2d 946). The plaintiffs have therefore failed to assert a cognizable claim against appellants under New York's Human Rights Law (Executive Law §§ 292, 296) or New York's Civil Rights Law §§ 40 and 41.

In addition, the plaintiffs' failure to either plead or demonstrate that the defendants acted under color of State law destroys their claim under 42 USC § 1983 *(see, e.g., Dahlberg v Becker,* 748 F2d 85, 89, *cert denied* 470 US 1084; *Fine v City of New York,* 529 F2d 70, 74). Moreover, the plaintiffs have alleged no "specific instances of misconduct" sufficient to survive a motion to dismiss *(see, e.g., Ostrer v Aronwald,* 567 F2d 551, 553; *Katz v Morgenthau,* 709 F Supp 1219, 1231, *revd in part on other grounds* 892 F2d 20; *Ragosta v State of Vermont,* 556 F Supp 220, *affd* 697 F2d 296; *Goldner v Sulli-*

*van, Gough, Skipworth, Summers & Smith,* 105 AD2d 1149, 1150-1151).

The plaintiffs' claims under 42 USC § 1985 (3) and § 1986 are likewise defective because they fail to assert that the defendants harbored a "class-based invidious discriminatory animus" *(Gleason v McBride,* 869 F2d 688, 695) toward Jehovah's Witnesses as a class, and that this prejudice motivated the alleged wrongful conduct toward the plaintiffs *(see also, Silkwood v Kerr-McGee Corp.,* 637 F2d 743, 746, *cert denied* 454 US 833; *Mahoney v National Org. for Women,* 681 F Supp 129, 135).

Finally, discovery is not warranted where, as here, the plaintiffs have "failed to demonstrate how a continuance for further discovery would have salvaged [their] claims" *(Hoheb v Pathology Assocs.,* 146 AD2d 919, 921). The complaint is dismissed insofar as it is asserted against the appellants, with prejudice, both because the plaintiffs failed to cross-move for permission to replead, and because they presented no evidence to suggest that a bona fide claim exists (CPLR 3211 [e]; Siegel, NY Prac § 275, at 404-405 [2d ed]; *Burlew v American Mut. Ins. Co.,* 99 AD2d 11, 17, *affd* 63 NY2d 412). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.