■ FALMOUTH BUILDING CORP., Appellant, v HENRY R. ZOTTOLI et al., Respondents.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 1, 1992, which, in an action to recover the down payment on a contract or the sale of real estate, denied plaintiff's motion for leave to amend its complaint to add a cause of action for fraud, and for summary judgment, and granted defendants' cross-motion for summary judgment, unanimously affirmed, without costs.

The title to the subject property was not rendered unmarketable or uninsurable by the fact that two of the four tax lots comprising the property had no access or limited access to the public street. Since the parcel was being sold as a whole, any limitation on ingress and egress onto the public street with respect to any individual tax lot was immaterial in the absence of a provision that such individual lot could be used for a particular purpose or that the parcel could be subdivided. Furthermore, counsel had both a survey and initial title report prior to the execution of the contract and thus should have known of the restrictions complained of *(see, Caselli v Messina,* 148 Misc 2d 671). Accordingly, plaintiff is not entitled to a refund of the down payment as a matter of contract. Nor should plaintiff be permitted to amend the complaint to include a cause of action for fraud, since such cannot be supported *(see, Levine Corp. v Gimbel Accessories,* 41 AD2d 637, 638) in the face of the disclaimer clauses in the contract of sale *(see, Superior Realty Corp. v Cardiff Realty,* 126 AD2d 633). Finally, defendant's cross-motion for summary judgment was not defective, based as it was on documentary evidence *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.