■ PHILIP GOTTLIEB, Appellant, v SULLIVAN & CROMWELL, Respondent. [609 NYS2d 344] —In an action to recover damages arising from, *inter alia,* negligent hiring and supervision by the defendant of its employees, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated June 1, 1992, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a market maker on the American Stock Exchange, sued the defendant, a well-known New York law firm, after it was discovered that three support employees of the defendant had stolen confidential information from the firm, which they sold to outside parties who used it to make illegal trades. The plaintiff alleges that he suffered monetary damages after purchasing options on stock that were adversely affected by the illegal trades made using the inside information leaked by the defendant's three renegade employees.

The plaintiff was not a client of the defendant's, with the

result that, in the absence of any privity between the parties, the defendant owed the plaintiff no duty in the hiring and/or supervision of its employees, nor in maintaining the confidentiality of the stolen information *(see, Turcotte v Fell,* 68 NY2d 432; *Nihalani v Tekhomes, Inc.,* 177 AD2d 484; *Associated Factors Corp. v O'Neill Detective Agency,* 146 AD2d 728). We note, in any event, that the criminal acts committed by the defendant's employees were outside of the scope of their employment and in no way advanced the interests of the defendant, so that the defendant could not be held liable under a theory of respondeat superior *(see, Riviello v Waldron,* 47 NY2d 297; *Cornell v State of New York,* 46 NY2d 1032; *Horowitz v Sears Roebuck & Co.,* 137 AD2d 492; *Island Associated Coop. v Hartmann,* 118 AD2d 830). Accordingly, summary judgment was properly awarded to the defendant. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.