■ HARVEY M. GREENE et al., Appellants, v HARVEY LUCKMAN et al., Respondents, et al., Defendant. [650 NYS2d 144] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 16, 1994, which, *inter alia*, granted defendants-respondents' cross motion to dismiss the complaint, unanimously affirmed, with costs.

Having had the issues of unfair competition and misappropriation of trade secrets resolved against them on the merits in a prior action, plaintiffs are collaterally estopped from litigating those claims in this action (*Ryan v New York Tel. Co.*, 62 NY2d 494). To the extent that the causes of action styled as interference with economic advantage, diversion of a corporate opportunity, and fraudulent inducement can be deemed not duplicative of the theories rejected in the prior action, they fail to state a cause of action (*see, Matter of Pamilla v Hospital For Special Surgery*, 223 AD2d 508; *Headquarters Buick-Nissan v Michael Oldsmobile*, 149 AD2d 302, 303-304, 305 [distinguishing *Jones Co. v Burke*, 306 NY 172]; *Danann Realty Corp. v Harris*, 5 NY2d 317, 322). The cause of action against defendant attorneys was properly dismissed since a legal malpractice claim cannot be asserted against another party's attorneys simply for advice given to that other party (*Hussie v Bressler*, 122 AD2d 113). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.