■ PAUL KUSKE, Respondent, v GELLERT & CUTLER, P. C., et al., Appellants. (Action No. 1.) RUBY DEVELOPMENT CORP., Respondent, v GELLERT & CUTLER, P. C., et al., Appellants. (Action No. 2.) [668 NYS2d 99] —In two related actions to recover damages for fraud and violations of Judiciary Law § 487 which were joined for trial, the defendants in both actions appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated August 8, 1995, as denied that branch of their motion which was for summary judgment dismissing the complaints in both actions.

■ PAUL KUSKE, Respondent, v GELLERT & CUTLER, P. C., et al., Appellants. (Action No. 1.) RUBY DEVELOPMENT CORP., Respondent, v GELLERT & CUTLER, P. C., et al., Appellants. (Action No. 2.) [667 NYS2d 955] —In two related actions to recover damages for fraud and violations of Judiciary Law § 487 which were joined for trial, the defendants in both actions appeal from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated September 30, 1996, as, upon reargument, adhered to so much of a prior determination of the same court made in an order dated August 8, 1995, as denied that branch of their motion which was for summary judgment dismissing the complaints in both actions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, so much of the order dated August 8, 1995, as denied that branch of the defendants' motion which was for summary judgment is vacated, and the complaints are dismissed.

In 1986 the plaintiff Ruby Development Corp. (hereinafter Ruby) agreed to sell certain property to Charrim Development Corp. (hereinafter Charrim). These two parties also entered into several other contracts in connection with their project to

develop the property by constructing new homes. Various difficulties in the financing of this project led to the commencement by Ruby of an action for breach of contract against Charrim. Charrim commenced an action against Ruby to compel Ruby to sign certain documents in connection with the sale of the property and the development project (*see, Ruby Dev. Corp. v Charrim Dev. Corp.*, 160 AD2d 928). Charrim was represented by Gellert & Cutler, P. C., and Sheldon Cutler, the appellants herein.

The present actions, the first commenced by Paul Kuske, Ruby's principal officer, and the second commenced by Ruby itself, are based, in part, on an alleged violation by the appellants of the terms of Judiciary Law § 487. As this Court has recently held, such a cause of action is governed by the three-year Statute of Limitations (*see, Jorgensen v Silverman*, 224 AD2d 665). Therefore, the plaintiffs' causes of action pursuant to Judiciary Law § 487 are time-barred.

With respect to the merits of the plaintiffs' fraud causes of action, " 'an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion or malicious or tortious act' " (*Nicoleau v Brookhaven Mem. Hosp. Ctr.*, 181 AD2d 815, 816, quoting *Pancake v Franzoni*, 149 AD2d 575). We find that the defendants demonstrated their right to summary judgment and, accordingly, both actions must be dismissed. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.