■ MICHAEL G. HEFFERNAN et al., Appellants, v MARINE MIDLAND BANK, Respondent. [701 NYS2d 4] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about January 27, 1999, which, insofar as appealed from, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to deny the motion with respect to the sixth cause of action, for conversion, insofar as based on acts allegedly perpetrated in or after April 1991, and otherwise affirmed, without costs.

The complaint alleges that from 1985 through 1996 a former employee (Helliwell) of defendant bank perpetrated a "Ponzi" scheme, in which he solicited plaintiffs (many of whom appear to have been friends and family members) to invest in a purported "Trust B" account. Helliwell falsely represented to plaintiffs that the funds would be used to purchase notes issued and guaranteed by the bank. The funds plaintiffs entrusted to Helliwell were allegedly deposited into Helliwell's personal accounts at the bank and converted to his personal use.

We affirm the dismissal of plaintiffs' causes of action against the bank for fraud and breach of contract on the ground that, assuming the truth of the facts alleged in the complaint, the guaranteed rate of return on risk-free bank notes that Helliwell promised was so extraordinary as to require plaintiffs to make reasonable inquiry into the scope of Helliwell's actual authority (*see*, *Collision Plan Unlimited v Bankers Trust Co.*, 63 NY2d 827, 831). Plaintiffs do not claim to have made such inquiry. Accordingly, their reliance on any appearance that Helliwell had authority to act for the bank with respect to the represented investment opportunity was unreasonable as a matter of law (*cf.*, *Hallock v State of New York*, 64 NY2d 224, 231).

We also conclude that the doctrine of authority by estoppel (*see*, Restatement [Second] of Agency § 8 B) is inapplicable, since reasonable reliance, which as indicated is lacking, is essential to establishing such authority (*see*, *Matter of Karavos Compania Naviera v Atlantica Export Corp.*, 588 F2d 1, 11). Nor can liability be imposed on the bank based on the doctrine of respondeat superior, since Helliwell's scheme cannot be considered to have been within the scope of his employment (*see*, *Overton v Ebert*, 180 AD2d 955, 957, *lv denied* 80 NY2d 751; *City of New York v Corwen*, 164 AD2d 212, 218). Regarding plaintiffs' negligence-based causes of action, we find they were properly dismissed as plaintiffs fail to allege any facts showing a special duty running from the bank to them (*see*, *Gottlieb v Sullivan & Cromwell*, 203 AD2d 241, 242).

However, we reinstate plaintiffs' sixth cause of action, for conversion, insofar as it is based on acts allegedly perpetrated in or after April 1991, on the ground that the complaint alleges facts, which, if proven, could support imposition of liability on the bank as a joint tortfeasor. If a bank, having actual notice or knowledge that a fiduciary is misappropriating trust funds on deposit with it, cooperates in the diversion, it may be held liable as a participant in the wrongdoing (*see*, *Raymond*

*Concrete Pile Co. v Federation Bank & Trust Co.*, 288 NY 452, 458, *adhered to on rearg* 290 NY 611; *Matter of Knox*, 64 NY2d 434, 438; *Liffiton v National Sav. Bank*, 267 App Div 32, 38, *affd* 293 NY 799; *Home Sav. v Amoros*, 233 AD2d 35). Concur— Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.