■ MICHAEL G. HEFFERNAN et al., Appellants, v MARINE MIDLAND BANK, N.A., Respondent. [727 NYS2d 60] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about October 23, 2000, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the verified first amended complaint's remaining cause of action, for conversion, based on the Statute of Limitations, as to all plaintiffs except Robert J. Castle and, as to part of his claim, J. Michael Collard, unanimously affirmed, without costs.

On a prior appeal (267 AD2d 83), this Court modified an order dismissing the verified first amended complaint for legal insufficiency so as to reinstate the sixth cause of action, for conversion, insofar as based on acts allegedly perpetrated in or after April 1991. The reason for the modification was that an issue existed as to whether defendant bank had actual notice or knowledge as of that time that its former employee (Helliwell) was depositing into his personal accounts at the bank,

and converting to his personal use, funds entrusted to him by plaintiffs in response to Helliwell's solicitations of investments in a fictitious "Trust B" account at the bank that would purchase notes issued and guaranteed by the bank (citing, *inter alia, Matter of Knox*, 64 NY2d 434, 438). On remand, the motion court correctly granted the bank's motion for summary judgment dismissing the conversion cause of action as time-barred, except as to two plaintiffs whose checks were deposited by Helliwell within three years prior to the commencement of this action (CPLR 214 [3]).

Plaintiffs' argument that the conversion claim against the bank sounds in fraud is barred by the doctrine of law of the case, as this Court's prior order affirmed the dismissal in its entirety of the fraud cause of action against the bank, which cause of action was pleaded on theories of both direct and imputed liability (*see, Martin v City of Cohoes*, 37 NY2d 162, 165). Since the surviving conversion cause of action against the bank is therefore based solely on Helliwell's deposits and/or withdrawals of plaintiffs' funds, and not on Helliwell's acts of actual fraud inducing plaintiffs to entrust their money to him, there is no basis for application of the six-year limitation period for fraud claims (CPLR 213 [8]). In this connection, we note that even a breach of fiduciary duty cause of action seeking damages directly against a defalcating fiduciary, if not involving allegations of actual fraud, would be governed by the three-year Statute of Limitations (*see, Yatter v William Morris Agency*, 256 AD2d 260, 261). We also reject plaintiffs' argument that their conversion claims did not accrue until they demanded return of the money (*see,* CPLR 206 [a] [1]). Even though plaintiffs entrusted their funds to Helliwell, he thereafter committed an overt and positive act of conversion by depositing such funds into his personal accounts, rather than into the fictitious "Trust B" account he had described to plaintiffs, thereby violating plaintiffs' ownership rights and immediately giving them a cause of action for conversion against him (*see, MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.*, 193 NY 92, 101; *Svenska Finans Intl. v Scolaro, Shulman, Cohen, Lawler & Burstein,* 37 F Supp 2d 178, 184-185; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 45, at 345 [2001 ed]). Finally, as a matter of law, the bank is not equitably estopped from asserting the Statute of Limitations defense in the absence of any alleged actual misrepresentation by it or of any fiduciary relationship between the parties (*see, Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 122, n 3, *affd* 67 NY2d 981).

We note that the merits of plaintiffs' motion for leave to

serve a verified second amended complaint, which motion was made in Supreme Court after the instant summary judgment motion had been submitted and was decided separately from the instant motion, are not properly before us on this appeal. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.