■ EMMANUELLE GONIK, Appellant, v ISRAEL DISCOUNT BANK OF NEW YORK, Doing Business as IDB BANK, Respondent. [914 NYS2d 63]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 16, 2010, which granted defendant IDB Bank's motion to dismiss the first amended complaint and denied plaintiff's cross motion for leave to file a second amended complaint, unanimously affirmed, without costs.

The motion court properly dismissed the amended complaint in its entirety, as all claims asserted are barred by the applicable statutes of limitations (*see* CPLR 3211 [a] [5]). Plaintiff's claims for breach of fiduciary duty, fraud, negligence, and breach of contract accrued no later than December 1991, when the second of the two bank accounts held at defendant bank was closed (*see* CPLR 203 [a]). Hence, even giving plaintiff the benefit of the

tolling period during her infancy, the statutes of limitations applicable to her claims began to run no later than March 1996, when plaintiff attained her majority (*see* CPLR 208), and her claims, which were not asserted until April 2009, are therefore time-barred (*see* CPLR 213 [1], [2], [8]; 214 [4]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

Contrary to plaintiff's contention, the discovery rule does not revive her claims. The discovery rule, which would only arguably apply to the fraud and breach of fiduciary duty claims in any event (*see* CPLR 213 [8]; *Kaufman v Cohen*, 307 AD2d 113, 122 [2003]; *Yatter v William Morris Agency*, 268 AD2d 335, 335-336 [2000]), is inapplicable here because plaintiff has failed to allege sufficient facts that she could not, with reasonable diligence, have discovered the fraud earlier than September 2008. To the extent that plaintiff claims constructive fraud, the discovery rule does not apply (*see Baxter v Columbia Univ.*, 72 AD3d 558, 559 [2010]; *Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 168 [1995], *lv dismissed in part and denied in part* 86 NY2d 882 [1995]).

Nor is there any basis to apply the doctrine of equitable estoppel to bar defendant from asserting the statute of limitations as a defense (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). As plaintiff readily admits, she had no contact with defendant at any time during her life—either before or after the alleged wrongful acts were committed—and thus has failed to sufficiently allege that defendant made an actual misrepresentation separate from or subsequent to the alleged tortious acts which form the basis of her complaint, upon which she relied, and which was performed in an effort to conceal her claims from her and allow the statute of limitations to expire (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]; *East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628, 628 [1995]; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 122 [1985], *affd* 67 NY2d 981 [1986]). Nor has plaintiff alleged sufficient facts that she and defendant had a fiduciary relationship such that defendant can be estopped from asserting the statute of limitations as a defense on the ground that it concealed facts which it was required to disclose (*see Gleason v Spota*, 194 AD2d 764, 765 [1993]; *Fallon v Wall St. Clearing Co.*, 182 AD2d 245, 250 [1992]; *see generally Solicitor for Affairs of His Majesty's Treasury v Bankers Trust Co.*, 304 NY 282, 291 [1952]).

Finally, the motion court correctly denied plaintiff's cross mo-

tion for leave to file a second amended complaint. All of the proposed new causes of action are governed by statutes of limitations of six years or less, and are not subject to the discovery rule or the doctrine of equitable estoppel. They are therefore clearly time-barred, and thus plaintiff fails to demonstrate that any of them state prima facie a viable cause of action (*see* CPLR 3025 [b]; *see also* CPLR 213 [2], [8]; 215 [3]; *Klein v Gutman*, 12 AD3d 417, 419 [2004]; *Heffernan v Marine Midland Bank*, 283 AD2d 337, 338 [2001]; *Solow v Tanger*, 258 AD2d 323 [1999]; *Board of Educ. of Sachem Cent. School Dist. at Holbrook v Jones*, 205 AD2d 486, 487 [1994], *appeal dismissed* 84 NY2d 919 [1994]; *Falmouth Bldg. Corp. v Zottoli*, 189 AD2d 569 [1993]; *Campbell v Chabot*, 189 AD2d 746, 747 [1993]). Contrary to plaintiff's contention, her proposed claims sounding in conversion did not require a demand (*see* CPLR 206 [a]; *Tillman v Guaranty Trust Co.*, 253 NY 295, 297 [1930]; *MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.*, 193 NY 92, 101 [1908]; *Heffernan*, 283 AD2d at 338).

In light of the foregoing, we need not reach plaintiff's remaining contentions. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.