■ Alarmex Holdings, LLC, Appellant, v JP Morgan Chase Bank, N.A., Respondent. [48 NYS3d 19]—

Order, Supreme Court, New York County (Robert Reed, J.), entered October 23, 2015, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff seeks to recover certain funds that allegedly were wrongfully transferred from an escrow account maintained at a branch of defendant by Marc Dreier, the principal of Dreier LLP, before Dreier LLP filed for bankruptcy. Plaintiff does not dispute that its causes of action are time-barred under the applicable statutes of limitations; it argues that defendant's active concealment of the illicit transfers equitably estops it from asserting a statute of limitations defense. However, the complaint fails to allege facts showing either that defendant had actual knowledge of the diversion of funds or reason to suspect that the funds were being misappropriated or that a fiduciary relationship existed between the parties that would give rise to a duty to disclose (see Gonik v Israel Discount Bank of N.Y., 80 AD3d 437, 438 [1st Dept 2011]; Home Sav. of Am. v Amoros, 233 AD2d 35, 38-39 [1st Dept 1997]). Indeed, the allegations show that Dreier LLP, as the escrow agent, was the fiduciary, and that defendant was merely the depositary bank at which Dreier LLP maintained the escrow account. Thus, defendant had no duty to monitor the subject escrow account "to

safeguard the funds [therein] from fiduciary misappropriation" (*Amoros*, 233 AD2d at 38).

Plaintiff also failed to allege adequately that it was a third-party beneficiary of the agreement between defendant and Dreier LLP that gave rise to a contractual duty on defendant's part to notify it of the transfer (*see LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [1st Dept 2001]). Its allegation that it was an intended beneficiary is conclusory. Its contention that the motion court should have permitted the matter to proceed to discovery for defendant to produce the agreement seeks nothing more than a fishing expedition (*see Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 116 [1st Dept 1998]).

Plaintiff's argument that the statutes of limitations were tolled by the continuing breach doctrine falls with the failure of its argument that defendant owed it contractual and fiduciary duties.

Plaintiff waived any contention that its third cause of action states a timely claim for aiding and abetting fraud (*see* CPLR 213 [8]). It denominated the claim as one for "aiding and abetting" without specifying the underlying theory, and never disputed defendant's characterization of the claim as a claim for aiding and abetting conversion. In any event, the complaint fails to allege facts showing that defendant had actual knowledge of Dreier's fraud (*see Oster v Kirschner*, 77 AD3d 51, 55 [1st Dept 2010]). Without actual knowledge, defendant's allowing of the transfer of funds was routine business service, and does not amount to substantial assistance of the fraud (*McBride v KPMG Intl.*, 135 AD3d 576, 579 [1st Dept 2016]).

The court properly denied leave to amend, since the proposed amendments would not have cured the deficiencies (*see CLP Leasing Co., LP v Nessen*, 27 AD3d 291 [1st Dept 2006]). Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.