Moore Charitable Found. v PJT Partners, Inc. (2019 NY Slip Op 08627)





Moore Charitable Found. v PJT Partners, Inc.


2019 NY Slip Op 08627


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Kern, J.P., Oing, Singh, Moulton, JJ.


10461 654584/17

[*1] The Moore Charitable Foundation, et al., Plaintiffs-Appellants-Respondents,
v
PJT Partners, Inc., et al., Defendants-Respondents-Appellants, Andrew W.W. Caspersen Defendant.


Susman Godfrey L.L.P., New York (Stephen Shackelford Jr. of counsel), for appellants-respondents.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Aidan Synnott of counsel), for respondents-appellants.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 14, 2018, which granted the corporate defendants' motion to dismiss the causes of action for fraud based on respondeat superior and negligence, and denied the motion as to the cause of action for fraud based on apparent authority, and denied plaintiff's request to amend the complaint, unanimously modified, on the law, to dismiss the cause of action for fraud based on apparent authority, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against the corporate defendants.
Defendants' employee orchestrated a fraudulent scheme through a fictitious transaction solely for personal gain. Thus, defendants are not liable for that fraud under the doctrine of respondeat superior (see Bowman v State of New York, 10 AD3d 315, 316 [1st Dept 2004]). It is of no moment that some of the fraudulently obtained funds were used to repay formerly embezzled funds so as to allow the employee to continue his fraudulent schemes undetected (see Heffernan v Marine Midland Bank, 267 AD2d 83 [1st Dept 1999]).
The complaint fails to state a cause of action for negligent supervision, because it does not allege that defendants were aware of the facts that plaintiff contends would have put them on notice of the employee's criminal propensity (see Doe v Alsaud, 12 F Supp 3d 674, 680 [SD NY 2014]).
Further, the complaint also fails to allege that plaintiffs were ever customers of defendants, which is fatal to a claim of negligent supervision (see Gottlieb v Sullivan & Cromwell, 203 AD2d 241 [2d Dept 1994]). Although defendants first raised this argument in reply on the motion, we consider it, because it is a question of law that can be resolved on the face of the existing record (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
The court providently exercised its discretion in denying plaintiffs' unelaborated request for leave to amend (see McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016]).
The cause of action for fraud based on apparent authority should be dismissed, because the complaint does not identify any words or conduct of defendants that would give rise to a belief on plaintiffs' part that defendants' employee had authority to enter into the transaction (see [*2]Hallock v State of New York, 64 NY2d 224, 231 [1984]). At most, the allegations establish that defendants had imbued the employee with actual authority with respect to a somewhat related but different type of transaction (see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK